UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| VALERIE A. SHORE | : | CIVIL ACTION |
| | : | |
| vs. | : | NO. 1:04-4152-DC |
| | : | |
| PAINEWEBBER LONG TERM DISABILITY PLAN, RELIANCE STANDARD LIFE INSURANCE COMPANY, PAINEWEBBER, INC. as Administrator of the PAINEWEBBER LONG-TERM DISABILITY PLAN, and UBS PAINEWEBBER, INC. as Administrator of the PAINEWEBBER LONG-TERM DISABILITY PLAN | : : : : : : : : | DEFENDANTS' ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES |

Defendants, by and through their attorneys, hereby answer plaintiff's complaint and assert affirmative defenses as follows:

1. Admitted. By way of further answer, it is denied that plaintiff is entitled to any relief.

2 – 4. No answer is required of defendants to these paragraphs as they state conclusions of law.

5. Admitted upon information and belief.

6. Denied as stated. By way of further response, the correct name of the Plan is the UBS Financial Services, Inc. Long Term Disability Plan.

7. Admitted in part and denied in part. It is admitted that Reliance Standard is a fiduciary of the plan under ERISA. It is further admitted that Reliance Standard is authorized to conduct business in the state of New York. The remaining averments in this paragraph are denied.

8 – 9. No answer is required of defendants to these averments as they state conclusions of law. By way of further response, UBS Financial Services, Inc. is incorrectly identified as UBS PaineWebber, Inc.

10. Admitted.

11. Admitted.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

13. Admitted upon information and belief.

14. Denied as stated.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

16. Admitted.

17. Denied as stated. It is admitted only that plaintiff was a participant in the plan while she was a full-time employee.

18. Admitted in part and denied in part. It is admitted that the plan was insured under a Reliance Standard policy and that Reliance Standard is liable for any benefits that are owed. It is denied that the policy issued in 1994 is the one applicable to this claim as the policy was amended.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph. By way of further answer, defendants are unaware of any request by plaintiff for a copy of the policy.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

21. Admitted.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph. By way of further answer, the denial letter sent to plaintiff specifically states the appeal process to be followed:

23. Denied as stated as the policy is a document, the terms and conditions of which speak for themselves.

24. Admitted.

25. It is admitted only that plaintiff claims that she injured her back while moving boxes at work on that date.

26. Denied.

27. Admitted.

28. Denied. It is admitted only that plaintiff makes the claims stated in this paragraph.

29. Admitted in part and denied in part. It is admitted only that at various times plaintiff has been prescribed the medications identified in this paragraph. The remaining averments in this paragraph are denied.

30 – 32, inclusive. Admitted.

33. Admitted in part and denied in part. It is admitted only that the language quoted in this paragraph appears in the decision of the Administrative Law Judge. The remaining averments in this paragraph are denied as stated.

34 – 36, inclusive. Admitted.

37. Admitted in part and denied in part. It is admitted only that Reliance Standard classified plaintiff's occupation as sedentary and used as the occupational description that of a Director of Educational Programs. The remaining averments are denied.

38. Admitted.

39. Admitted.

40 – 44. Denied.

45 – 46. Admitted.

47. Denied as stated as the appeal of plaintiff is a document, the contents of which speak for themselves.

48 – 49. Admitted.

50. Denied as stated as Reliance Standard did not rely exclusively on the review performed by Dr. Hauptman.

51. Denied as stated.

52. Denied.

53. Admitted.

54. Defendants incorporate herein by reference their answers to paragraphs 1 through 53 of the complaint as though the same were set forth here in full.

55 – 56. Denied.

57. Defendants incorporate herein by reference their answers to paragraphs 1 through 56 of the complaint as though the same were set forth here in full.

58. Denied.

59. Defendants incorporate herein by reference their answers to paragraphs 1 through 58 of the complaint as though the same were set forth here in full.

60 – 61.  Denied.

WHEREFORE, defendants deny liability to plaintiffs and request that the court affirm the decision to deny the claim and award to defendants their fees and costs together with such other equitable relief that the court deems fair and just.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are governed by ERISA.

2. Plaintiff is not entitled to a jury trial under ERISA.

3. Reliance Standard Life Insurance Company is not the Plan Administrator.

4. The denial letter sent to plaintiff fully informed plaintiff of her appeal rights under ERISA.

5. Plaintiff exercised her appeal rights and received a full and fair review of her claim.

6. The decision to deny the claim for further benefits was neither arbitrary nor capricious.

7. Plaintiff is not totally disabled as that term is defined in the subject plan.

8. Plaintiff failed to sustain her burden of submitting satisfactory proof of her claimed total disability.

9. At the time benefits were discontinued, plaintiff was no longer totally disabled.

10. Plaintiff's claim is barred by the contractual limitation period contained in the Reliance Standard policy.

11. Plaintiff's claim is barred by her failure to file this lawsuit within the time period required under the policy.

12. Plaintiff was notified in February of 2001 that her appeal of the denial of benefits was denied.

13. Under the terms of the policy, plaintiff had three years to file suit in response to the final decision to deny the benefit claim.

14. Plaintiff failed to timely file her lawsuit, therefore, her claim is barred.

WHEREFORE, defendants deny liability to plaintiffs and request that the court affirm the decision to deny the claim and award to defendants their fees and costs together with such other equitable relief that the court deems fair and just.

        RAWLE & HENDERSON LLP


       By:_____/s/_____
        Joshua Bachrach, Esquire
        Heather J. Holloway, Esquire
        Attorneys for Defendants
        The Widener Building
        One South Penn Square
        Philadelphia, PA 19107
        (215) 575-4261

Date: August 10, 2004

# CERTIFICATE OF SERVICE

The undersigned counsel for all defendants hereby certifies that a true and correct copy of Defendants' Answer to Complaint with Affirmative Defenses was served on the following counsel of record, via ECF Notification and/or U.S. Mail, postage prepaid, addressed as follows:

> David Steven Preminger, Esquire
> Rose Anne Saxe
> Rosen, Preminger & Bloom, LLP
> 67 Wall Street
> New York, NY 10005

RAWLE & HENDERSON LLP

By: _____/s/_____
    Joshua Bachrach, Esquire
    Heather J. Holloway, Esquire

Date:  August 10, 2004