UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

VALERIE A. SHORE,

        Plaintiff,

  v.                                              No. 04 CV 4152 (KMK)

PAINEWEBBER LONG TERM DISABILITY      ECF Document
PLAN, *et al.*.

        Defendants.

------------------------------------------------------------x

**DECLARATION OF VALERIE SHORE**

VALERIE A. SHORE declares pursuant to 28 U.S.C. § 1746 as follows:

1. I am the plaintiff in the captioned action and make this declaration in support of my motion for summary judgment on the first, second and third claims for relief set forth in my complaint, Exhibit 1,[1] which seeks reinstatement of my monthly long term disability benefits from the defendant Reliance Standard Life Insurance Company ("Reliance") under the PaineWebber Long-Term Disability Plan (the "Plan"), and dismissing defendants' affirmative defenses.

2. I began working for PaineWebber, Inc. ("PaineWebber") in 1997.

3. During my employment with PaineWebber, I was a participant in the Plan.

4. I was given a copy of the Summary Plan Description ("SPD") describing the terms of the Plan. *See* Exhibit 3.

---

[1] All such references are to the exhibits annexed to the accompanying declaration of David S. Preminger.

5. I was not given a copy of the insurance policy issued by Reliance to cover benefits offered by the Plan or the *Legal and Administrative Overview* booklet that is referenced in the SPD.

6. My office was a satellite office of PaineWebber in New York City, while PaineWebber's main headquarters were located in New Jersey. My office frequently did not receive administrative materials that were provided to other PaineWebber employees.

7. After I became disabled in January 1999, I reviewed the SPD in connection with my claim for long-term disability benefits.

8. I retained counsel after my benefits were terminated by Reliance. I understand that my former attorneys, Quadrino & Schwartz, were provided with a Reliance insurance policy, with an effective date of 1986, which was applicable to those employees earning less than $250,000 per year, and another Reliance insurance policy, with an effective date of 1997, which was applicable to employees earning over $250,000 per year. I made less than $250,000 per year when I was employed by PaineWebber.

9. I never saw either of these Reliance insurance policies and was unaware that either of these policies required a legal action to be brought within three years after proof of loss was received by Reliance.

10. I have been informed by my current counsel that neither of these insurance policies were applicable to my claim, and that Reliance issued a new policy with an effective date of 1997, applicable to employees earning less than $250,000 per year.

11. After my appeal was denied by Reliance, my relationship with Quadrino & Schwartz ended and my file was put into storage.

12. My file was returned to me in March 2004.

13. I did not learn that a three year limitations period might apply to my claims for benefits until April 2004, after I contacted another attorney regarding my benefits and provided them with my file. Had I been aware that a three year limitations period applied, I definitely would have filed suit within that time period.

14. I understand that Dr. William Hauptman, a doctor employed by Reliance, wrote a report concluding that I was able to perform sedentary work.

15. Dr. Hauptman never contacted me and, to the best of my knowledge, never contacted any of my treating physicians.

16. I understand that Dr. Hauptman stated that notes from my physical therapist in May 1999 indicated that I was able to walk and go to the gym.

17. As I informed Reliance in an affidavit in November 2000 in support of my appeal, I attempted to walk the eight blocks from my apartment to my physical therapist's office several times a week. [AR0181-84] Most of the time, however, I took a taxi or the bus because walking even that short distance was too painful for me. I only took the bus when I could not hail a taxi because climbing the stairs and being jostled when I could not get a seat caused me further pain.

18. My physical therapists' office was located in a gym. That was the only gym activity that I have been able to do since my accident. I have not been able to do any aerobic exercise or weightlifting, only routine physical therapy.

19. I also understand that Dr. Hauptman stated that my pain was controlled by Advil in February 2000 when I first consulted with Dr. Swerdlow. This too is a distortion of my medical history.

20. I was referred to Dr. Swerdlow, a rheumatologist, for treatment for my back injury as well as for wrist pain that I had experienced for several years that had been diagnosed as osteoarthritis.

21. I informed him that I had taken Advil for my wrist pain and that my wrist pain was generally controlled with such medication.

22. I never told him that I was taking only Advil for my back pain.

23. In fact, as I stated in the summary provided to Reliance, I was taking Celebrex, Valium, Flexeril, Vicodin and Hydrocodone to treat my back pain. [AR0167-70]

24. Because those medications could not control my back pain, Dr. Swerdlow prescribed a trial run of Ultram, an opiate pain medication.

25. I also continued to be prescribed Celebrex, Flexeril, Valium and Ambien.

26. My condition has not improved since November 2000 when I last submitted medical records to Reliance in connection with my appeal.

27. I have been unable to work since my injury.

28. I have been told by my doctors that my condition will not improve, and I have now also been diagnosed with osteopenia, a precursor to osteoporosis.

29. I still need to spend most of every day lying down. If I sit for more than approximately an hour at a time, I have severe pain in my back and legs and feel numbness in my pelvis, which causes incontinence. The only way I can sit for more than an hour is if I take high doses of medication before and after sitting, which causes me extreme drowsiness.

30. I try not to go far from my house in case I need to lie down or take pain medication.

31. I have been making an effort to walk for about thirty minutes two or three times a week because I have had high cholesterol and a history of heart problems. Such walking causes me constant back pain, and I take pain killers and muscle relaxants and lie down afterwards.

32. My medications have not changed significantly in the past four years. I regularly take Valium, Celebrex, Flexeril, Ambien and Xanax. I also take Darvocet and Hydrocodone for the pain. Because pain killers are addictive and cause me nausea and drowsiness, I try not to take them unless the pain becomes unbearable, but I am in constant pain unless I take them.

33. I moved to California in September 2001 in order to reduce my living expenses and to be closer to my family.

34. Since my benefits were denied by Reliance, I have had to greatly reduce my standard of living. I have supported myself with Social Security Disability and worker's compensation payments, which I have supplemented with my savings.

WHEREFORE, I respectfully request that the Court grant my motion for summary judgment, together with such other and further relief as to this Court may seem just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 21, 2004, in Sausalito, California

_____s/_____
VALERIE A. SHORE