UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

```
_____X
                                :
VALERIE A. SHORE                :   CIVIL ACTION NO.
                                :   1:04-4152-DC
         v.                     :
                                :
RELIANCE STANDARD LIFE          :
INSURANCE COMPANY, et al.       :
                                :
_____X
```

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
LOCAL RULE 56.1 STATEMENT**

Defendants, by and through their undersigned counsel, hereby respond to plaintiff's Local Rule 56.1 Statement, as follows:

1-6.   Admitted.

7.     Denied.

8-12.  Admitted.

13.    Admitted in part and denied in part. It is admitted that plaintiff injured her back on January 15, 1999, while lifting boxes at work. Defendants lack information sufficient to form a belief as to the remaining allegations within this paragraph.

14.    Admitted in part and denied in part. It is admitted that plaintiff was disabled for a period of time, beginning January 19, 1999 and that plaintiff has been diagnosed with a herniated disc, degenerative disc disease, lumbar radiculopathy and osteoarthritis. It is denied that plaintiff remained disabled beyond June 19, 2000, the date on which benefits were discontinued. (AR 266-268). By way of further response, defendants lack information sufficient to form a belief as to the remaining allegations

regarding additional diagnosis, which, like the Declaration offered for support are not part of the administrative record and should not be considered by this Court.

15-17.   Admitted.

18.   Admitted in part and denied in part. Defendants deny only the classification of plaintiff's injuries as "complex" and the physical therapy as "extensive." Defendants admit the remaining allegations within this paragraph.

19.   Admitted in part and denied in part. It is admitted only that plaintiff correctly quoted a portion of the referenced documents. The remaining portions of this paragraph are denied as stated.

20.   Denied as stated. Plaintiff reported that her symptoms of pain were exacerbated by sitting or standing for more that 30-40 minutes at a time.

21.   Denied as stated. Plaintiff reported that she was only able to walk for short distances and that she spends much of the day lying down to relieve the pain.

22.   Denied as stated. It is admitted only that the referenced medications were prescribed to plaintiff.

23.   Denied. By way of further response, the referenced physician's correspondence does not indicate that plaintiff's medication caused drowsiness and no cognitive testing has demonstrated that the medication has caused plaintiff to suffer an inability to concentrate.

24.   Admitted.

25.   Denied.

26. Denied as stated. The terms of the policy, a true copy of which is attached to Defendant's Motion for Summary Judgment as Exhibit "A" speak for themselves. See policy, p. 1.0.

27. Admitted.

28. Denied as stated. The basis of plaintiff's claim is set forth in writing and contained within the Administrative Record and speaks for itself. (AR 273).

29. Admitted.

30 (a-j, inclusive). Denied as stated. By way of further response, the content of the additional documents provided to Reliance Standard are written and speak for themselves.

30[sic]. Denied as stated. By way of further response, plaintiff attended an independent medical examination with Dr. Adler on October 13, 1999. (AR 394).

31-33. Denied as stated. The reference made within these paragraphs are only part of the written document, the entire contents of which speak for themselves.

34-36. Admitted.

37. Denied as stated. By way of further response, the contents of Reliance Standard's correspondence are written and speak for themselves.

38. Admitted.

39 (a-i, inclusive). Denied as stated. By way of further response, the content of the additional documents provided to Reliance Standard are written and speak for themselves.

40. Admitted. By way of further response, it is denied to the extent implied that Reliance Standard was bound by the determination of the New York State Workers Compensation Board.

41. Admitted.

42. Denied. The allegations within this paragraph are not relevant to plaintiff's claim. By way of further response, it is denied, to the extent implied, that the referenced certifications are Dr. Hauptman's only qualifications.

43-44. Admitted.

45. Denied as stated. The reference made within this paragraph is only part of the written document, the entire contents of which speak for themselves.

46. Denied. For reasons set forth within Dr. Hauptman's report, the substance of which is written and speaks for itself, the reference was not taken out of context. By way of further response, to the extent that plaintiff references and relies on her Declaration, it is not part of the Administrative Record and should not be considered by this Court.

47. Denied. Dr. Spiera's report does not relate plaintiff's use of Advil solely to her wrist pain. By way of further response, to the extent that plaintiff references and relies on her Declaration, it is not part of the Administrative Record and should not be considered by this Court.

48. Denied as stated. It is admitted only that the referenced medications were prescribed to plaintiff.

49. Denied.

50. Admitted.

51. Denied as stated. By way of further response, the physical therapy notes and the report of Dr. Hauptman are written and speak for themselves.

52. Denied. By way of further response, the allegations within this paragraph are based solely on plaintiff's Declaration, which is not part of the Administrative Record and which should not be considered by this Court.

53. Admitted in part and denied in part. It is admitted only that plaintiff attempted to walk nine blocks to physical therapy and that she took a taxi when limited by reported pain. The remainder of the allegations within this paragraph are denied, as defendants lack information sufficient to form belief regarding those allegations. By way of further response, to the extent that plaintiff relies on her Declaration, it is not part of the Administrative Record and should not be considered by this Court.

54-55. Admitted.

56. Denied. The classification of Reliance Standard's reliance on plaintiff as "heavily" is denied. The content of Reliance Standard's correspondence is written and speaks for itself.

57. Denied. By way of further response, the job description provided by plaintiff did not identify an exertional level and therefore, no such reference was ignored.

58. Admitted.

59. Denied.

60. Admitted.

61. Denied.

62. Denied. By way of further response, Reliance Standard specifically denies the classification of "intensive" standing and walking. Further, Reliance Standard denies that plaintiff had to perform heavy lifting.

63. Denied as stated. By way of further response, Reliance Standard concluded, based on the evidence within the record, that plaintiff's occupation was sedentary and that plaintiff was not disabled from sedentary level work.

64. Denied. By way of further response, the content of Reliance Standard's correspondence is written and speaks for itself.

65. Admitted in part and denied in part. It is admitted only that Dr. Hauptman and Reliance Standard did not specifically address plaintiff's claim that her medication caused drowsiness or an inability to concentrate. It is denied that plaintiff provided "evidence" of such an impact.

66. Denied. By way of further response, a copy of the policy was available to plaintiff but was never requested by plaintiff. See Affidavit of Leticia Waelz, a copy of which is attached hereto as Exhibit "A."

67. Denied. Defendants lack knowledge sufficient to form a belief as to whether plaintiff was provided any plan document other then the Summary Plan Description.

68. Denied.

69-70. Admitted.

71. Denied. By way of further response, Defendants lack knowledge sufficient to form a belief as to whether plaintiff was provided with a copy of the material referenced within this paragraph.

72-75. Denied. Defendants lack information sufficient to form a belief as to the allegations made within plaintiff's Declaration which is not part of the Administrative Record and should not be considered by this Court.

76-77. Admitted,

78. Denied. Defendants lack information sufficient to form a belief as to the allegations made within plaintiff's Declaration which is not part of the Administrative Record and should not be considered by this Court. By way of further response, the policy was available in the Benefits Department, for review by plaintiff. See Exhibit "A."

79. Admitted.

80. Denied. Defendants lack information sufficient to form a belief as to the allegations made within plaintiff's Declaration which is not part of the Administrative Record and should not be considered by this Court. By way of further response, the policy was available in the Benefits Department, for review by plaintiff. See Exhibit "A."

81. Admitted.

82. Denied. Defendants lack information sufficient to form a belief as to the allegations made within plaintiff's Declaration which is not part of the Administrative Record and should not be considered by this Court.

83-92. Denied. By way of further response, plaintiff's declaration, which is not part of the Administrative Record should not be considered by this Court and does not provide proof of disability.

RAWLE & HENDERSON, LLP

BY: _____/s/_____
Joshua Bachrach, Esquire
Heather J. Holloway, Esquire
Attorneys for Defendants
The Widener Building
One South Penn Square
Philadelphia, PA 19103

Date:   February 22, 2005