UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————X
:
VALERIE A. SHORE            :    CIVIL ACTION NO.
                            :    1:04-4152-DC
        v.                  :
                            :
RELIANCE STANDARD LIFE      :
INSURANCE COMPANY, et al.   :
                            :
———————————————————X

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT**

## I.  Introduction

The parties have filed Cross-Motions for Summary Judgment. (Dkt. No. 13-15, 16). Defendants now submit this memorandum in opposition to Plaintiff's Memorandum of Law in Support of her Motion for Summary Judgment. In order to avoid unnecessary repetition of plaintiff's medical history, the results of the independent evaluations of her medical records and the independent medical examination (IME) conducted, all of which support the denial of benefits, Reliance Standard incorporates herein, the summary of plaintiff's medical records, set forth at length within its Motion for Summary Judgment. (Dkt. No. 16, p. 8-16).[1]

There is a threshold issue that prevents plaintiff from recovering in this lawsuit. It is the late filing of the lawsuit by plaintiff. Contrary to plaintiff's arguments, this lawsuit was filed long after the contractual limitation period expired. However, in order to be

---

[1] Although plaintiff has identified the Plan and the Plan Administrator, in addition to Reliance Standard as defendants, it is Reliance Standard that determines eligibility to continued benefits and pays any benefits due. Accordingly, reference is made in large part to the actions and decisions of Reliance Standard.

complete in its response, Reliance Standard will also address the following issues of dispute on plaintiff's claim: (a) whether Reliance Standard properly classified plaintiff's occupation as sedentary in nature, (b) whether Reliance Standard properly determined that plaintiff is not disabled from her own occupation and (c) whether plaintiff is totally disabled from any occupation.

## II. **Argument**

### a. The three year statute of limitations set forth within the policy governs

Plaintiff argues that her lawsuit is governed by a six (6) year statute of limitations, as set forth within N.Y. C.P.L.R. §213. (Dkt. No. 15, p. 17). However, nothing within the statute or plaintiff's memorandum suggests that the statutory period of limitations cannot be shortened by contract. In this case, the applicable period was effectively shortened to three (3) years. See Policy, p. 5.1. A true and correct copy of the policy is attached to Reliance Standard's Motion for Summary Judgment, as Exhibit "A." (Dkt. No. 16). The policy provides:

> LEGAL ACTIONS: No legal action may be brought against us to recover on this Policy within sixty (60) days after written proof of loss has been given as required by this Policy. No action may be brought after three (3) years (Kansas, five (5) years; South Carolina, six (6) years) from the time written proof of loss is received.

See Policy, p. 5.1.

The parties agree that the applicable period of limitations begins to run when there is a clear repudiation of the claim. (Dkt. No. 15, p. 17-18, Dkt. No. 17, p. 6). In this case, a final determination, denying continued benefits, was made on February 16, 2001. (AR 5-11). The lawsuit was initiated on June 2, 2004, more than three years after the date of clear repudiation. (Dkt. No. 1). If the period of limitations set forth within the

2

policy applies, then it is clear that plaintiff's lawsuit must be dismissed, as untimely. As explained within defendants' memorandum of law in support of their Motion for Summary Judgment, the exact limitation language used in this case has been interpreted to require the filing of a lawsuit within three years of the repudiation. *See Patterson-Priori v. UNUM Life Ins. Co.*, 846 F. Supp. 1102 (E.D.N.Y. 1994).

Defendants concede that the Summary Plan Description does not contain the three (3) year limitation period. Defendants are also aware of the decision in *Manginaro v. The Welfare Fund of Local 771*, 21 F. Supp. 2d 284 (S.D.N.Y. 1998), in which the Court rejected the contractually shortened period of limitations because the modified period was not referenced within the summary plan description. However, this case was discussed within defendants' Motion for Summary Judgment and defendants continue to maintain that the Court in *Manginaro* improperly extended the nature of defendants' statutory duties. (Dkt. No. 17, p. 5-7).[2]

ERISA requires a summary plan description to include "circumstances which may result in disqualification, ineligibility, or denial, loss, forfeiture, suspension, offset, reduction, or recovery (e.g. by exercise of subrogation or reimbursement rights) of any benefits that a participant or beneficiary might otherwise reasonably expect the plan to provide. . ." 29 C.F.R. 2520.102-3(1). None of these apply to a contractual limitation period in a policy. The contractual limitation concerns only whether the claimant has standing to pursue a *lawsuit* in Court. The issues should be distinguished.

Even if this Court determines that the Plan Administrator had an obligation to provide plaintiff with notice of the shortened period of limitations through a summary

---

[2]Counsel for Ms. Shore also represented the plaintiff in *Manginaro*.

plan description *or other similar means*, the obligation was met. In *Manginaro*, the Court relied on facts that are not present here when it determined that the limitations period would not be shortened based on the policy language. In this case, Reliance Standard provided PaineWebber with a Group Long Term Disability Insurance Program Booklet. This booklet consisted of the Certificate of Insurance and included all relevant terms of the policy, *including the applicable language regarding the three (3) year limitation on lawsuits*. See Affidavit of Leticia Waelz[3] and attachment thereto, a true and correct copy of which is attached hereto as Exhibit "A." As explained within the Affidavit of Ms. Waelz, the Certificate of Insurance was maintained by PaineWebber at the time that plaintiff submitted her claim; was maintained within the Benefits Department; was utilized to answer questions posed by employees of the company regarding employee benefits *and was available to any employee who requested a copy of it.* See Exhibit "A."

In *Manginaro*, the Court explained that a claimant is "entitled to rely on [the statutory default period of limitations] until they knew, or had reason to know, this period had been curtailed by the Plan." *Id.* at 296. Furthermore, noting that whether the insured ever read the disclosing document is not significant, the Court stated "[h]ad the Fund adequately disclosed the two-year limitation to its participants via the [Summary Plan Description], it is likely that [the insured] would have learned of this limitation from his employer, his co-workers, or the union, even if he never read the [Summary Plan Description] himself." *Id.* at 296 (*citing Ritzer v. Nat'l Org. of Indus., Trade Unions Ins.*

---

[3] As of the date of this filing, the Affidavit of Ms. Waelz has been approved but has not been signed. The unsigned Affidavit is attached to provide the Court and counsel for plaintiff with the substance of the Affidavit which will be provided as a supplement to this response as soon as possible but not after March 8, 2005, the deadline for reply briefs.

4

*Trust Fund Hosp., Medical, Surgical Health Benefit*, 822 F. Supp. 951, 955 for the proposition that "'[w]hile many employees may never in fact study summary plan descriptions, they are likely to learn of the provision as explained in the description through conversations with fellow employees and their employer'").

Under the authority of *Manginaro*, plaintiff had reason to know that the three (3) year limitation on lawsuits applied. This because the Certificate of Insurance was utilized in response to inquiries from employees, and it was likely that plaintiff would have learned of this information from her employer or co-workers. For this reason, plaintiff can not now argue against the applicable three year period of limitations. Based on the three year limitation period, plaintiff's claim is time barred. Plaintiff raises three additional issues with which Reliance Standard takes issue. They are addressed below.

  b. Reliance Standard properly classified plaintiff's occupation as sedentary, <u>even considering the duties required by her specific employer</u>

In response to a request for information regarding the nature of plaintiff's occupation, Reliance Standard received a list of duties that plaintiff performed. (AR 91). While this listing identified certain tasks that were performed by plaintiff, it did not distinguish the *material duties* of the occupation. (AR 91). Reliance Standard nonetheless considered these duties, but also consulted the Dictionary of Occupation Titles (DOT) to determine the nature of the occupation. (AR 341-346).

Contrary to plaintiff's argument, Reliance Standard did consider the duties of plaintiff's occupation; however, the company decided that with reasonable assistance that is available to the general public, plaintiff could nonetheless function. By way of example, while plaintiff's commute to and from work is not a material duty of her occupation, Reliance Standard recognized that the duties of plaintiff's job did require

frequent travel. *See McMahon v. Digital Equipment Corp.* 162 F.3d 28 (1st Cir. 1998) (refusing to consider a claimant's commute to work a material duty of the occupation). However, with the accommodation of porters, carts or pull-type devices plaintiff can avoid carrying heavy items while traveling. While not traveling, plaintiff indicated that her job required "[t]elephone work seated approximately 6 to 10 hours a day." (AR 91). Plaintiff further indicated that she spent a significant amount of time sitting and standing. (AR 19, 403). However, there is no indication that plaintiff's job did not allow an accommodation of alternating between a seated and standing position.

Reliance Standard not only properly classified plaintiff's occupation as a sedentary strength level occupation, but the company also advised plaintiff of the manner in which it classified her occupation when initially denying the claim. Plaintiff did not assert a contrary argument on appeal. Moreover, even now when plaintiff argues that her occupation is not a sedentary level strength occupation, she proposes no contrary strength level category that should be applied. As plaintiff did not raise this issue during the administrative level, she should not be permitted to do so now. The issue has been waived.

  c. <u>Reliance Standard properly discontinued plaintiff's benefits</u>

Reliance Standard's determination that plaintiff was capable of performing at a sedentary strength level was supported by the IME. (AR 383-389). However, regardless of whether plaintiff's occupation is sedentary strength or higher, Reliance Standard's determination was correct. This is demonstrated by the fact that when plaintiff made her claim, her treating physician, Dr. Gatto concluded that plaintiff was able to work at a light level, if given the ability to change positions and did not lift or bend. (AR 403,

6

484). These restrictions were consistent with the basis of plaintiff's claim, which was, in part based on an inability to engage in extended sitting or standing. (AR 273). However, as plaintiff's occupation allowed plaintiff the opportunity to alternate between sitting and standing and as accommodations are available to allow plaintiff to avoid lifting, plaintiff was not totally disabled from her occupation.

In addition to plaintiff's reports of pain, Reliance Standard considered plaintiff's reports on incontinence. However, diagnostic testing revealed that plaintiff's complaints were not related to her back condition. (AR 386, 365). This is significant, because during plaintiff's IME, the examiner suggested a complete bladder work-up to determine whether there was evidence of nerve compression in the lumbar spine which would require repeat diagnostic studies. (AR 386). According to the examiner, bladder urodynamic studies that do not suggest a spinal pathology for plaintiff's problems would mean that plaintiff can return to work. Indeed plaintiff's studies did not suggest a spinal pathology. (AR 365).

Plaintiff correctly notes that Reliance Standard is not bound by the conclusions of her treating physicians; however plaintiff alleges that Reliance Standard has erred by not at least considering the opinions of those physicians. (Dkt. No. 15, p. 25). Contrary to plaintiff's arguments, Reliance Standard has not ignored the objective medical findings or the opinions of plaintiff's treating physicians. The diagnostic findings were in large part mild or minimal. (AR 19). Upon review of the diagnostic findings, Dr. Hauptman, a consultant who performed a peer review of plaintiff's medical records, determined that the findings did not support continued disability. (AR 12-19). Dr. Hauptman did not focus solely on the MRI and EMG, which did reveal minimal findings, but he also noted

neurologic examinations which demonstrated normal reflexes and normal motor examination of the lower extremities, office examinations which revealed normal reflexes and normal motor examination of the lower extremities and good range of motion without exacerbation of pain; and neurologic examination which indicated no deficits of motor strength, sensation or deep tendon reflexes. (AR 19).

The minimal objective findings, alone, are not sufficient to demonstrate total disability. *See Jordan v. Northrop Grumman Corp.*, 370 F.3d 869, 878 (9th Cir. 2004). Plaintiff must demonstrate not only that she suffers from a condition but that the condition prevents her from performing the material and substantial duties of her occupation. See Policy, p. 2.1. Even though some of her physicians believe that plaintiff is disabled, there is ample evidence within the record, including the report of Dr. Gatto, the IME and the peer report of Dr. Hauptman[4], to support the conclusion of Reliance Standard that plaintiff was no longer totally disabled as of the date that Reliance Standard discontinued benefits.

    d.    Whether plaintiff is totally disabled from "any occupation" is not an issue which may be decided by this Court

Although referenced within plaintiff's Motion for Summary Judgment, the issue of whether plaintiff is disabled from any occupation is not ripe for review and should not be considered by this Court. The policy requires a three stage analysis. See policy, attached to Defendants' Motion for Summary Judgment as Exhibit "A." First, plaintiff must satisfy an Elimination Period, a period of 180 consecutive days of total disability,

---

[4] Plaintiff argues that Dr. Hauptman is not qualified to perform a peer review of a claim involving back pain and urinary complaints; however, Dr. Hauptman is Board Certified in Quality and Assurance Review and completed a thorough and detailed review of plaintiff's claim which is reliable.

8

during which benefits are not payable. See Policy, p. 2.0-2.1. Second, in order to receive continued monthly benefits, plaintiff must demonstrate total disability from her own occupation for the first 24 months following the Elimination Period. See Policy, p. 2.1. Plaintiff's benefits were discontinued during this "own occupation" period. Finally, after the "own occupation" period, plaintiff must demonstrate continued disability from any occupation. See Policy, p. 2.1. This final stage was never decided by Reliance Standard because benefits were discontinued during the "own occupation" stage. In the event that this Court determines that plaintiff was entitled to continued disability benefits under the "own occupation" standard, the claim must be remanded to Reliance Standard to make a determination as to whether plaintiff is disabled from any occupation on an on-going basis and whether additional benefits are due under that standard.

### III. Conclusion

For the reasons set forth within this response in opposition to plaintiff's Motion for Summary Judgment, as well as those reasons set forth within Defendants' Motion for Summary Judgment, plaintiff's lawsuit is untimely and should be dismissed. Moreover, even if timely, plaintiff has not demonstrated continued total disability from her own occupation, as defined within the Reliance Standard policy. Accordingly, judgment should be entered in favor of defendants and against plaintiff on all claims.

RAWLE & HENDERSON, LLP

BY: _____/s/_____
Joshua Bachrach, Esquire
Heather J. Holloway, Esquire
Attorneys for Defendants
The Widener Building
One South Penn Square
Philadelphia, PA 19103

Date: February 22, 2005