David S. Preminger (DP 1057)
Rosen Preminger & Bloom LLP
708 Third Avenue, Suite 1600
New York, NY 10017
(212) 682-1900

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
VALERIE A. SHORE,

         Plaintiff,

v.                                                                                          No. 04 CV 4152 (KMK)

PAINEWEBBER LONG TERM DISABILITY                              ECF Document
PLAN, *et al.*

         Defendants.
-------------------------------------------------------------x

### PLAINTIFF'S COUNTERSTATEMENT OF FACTS
### PURSUANT TO LOCAL RULE 56.1

Pursuant to Local Rule 56.1(b), plaintiff Valerie A. Shore ("plaintiff") sets forth the following as her counterstatements of fact in response to defendants' Local Rule 56.1 Statement of Facts ("Defendants'. Rule 56.1 Statement"):

    1.    Admitted in part and denied in part. Plaintiff initiated this lawsuit in June 2004 (Complaint, Ex. 1[1] p. 13), against, *inter alia*, the Paine Webber Long Term Disability Plan, which defendant alleges is now known as the UBS Financial Services, Inc. Long Term Disability Plan (the "Plan") and Reliance Standard Life Insurance Company ("Reliance"). Id. caption. At all times relevant hereto, the Plan

---

[1] All such references are to the exhibits attached to the Declaration of David S. Preminger previously filed in support of Plaintiff's Motion for Summary Judgment.

was insured by Reliance. Id. ¶ 18. However, at the time the Complaint was filed, plaintiff did not have the policy of insurance that applied to her. See Plaintiff's Rule 56.1 Statement ¶ 76; Shore Decl.[2] ¶ 8; Ex. 6. A correct copy of the policy provided to plaintiff in October 2004, Ex. 4, is attached to Defendants' motion papers as their Exhibit A. However, the policy number is LSC 97,200. Id. and Ex. 4. That document to employees earning less than $250,000 per year (which plaintiff did) under "Participating Unit Number 97,613." Id. p. 1.0. Plaintiff is unfamiliar with policy number LSC097,614 as set forth in Defendants' Rule 56.1 Statement.

    2.    Admitted.

    3.    Denied. Plaintiff has no information that the policy was issued as "part of [her employer's] employee welfare benefit plan" and, contrary to the requirements of Local Rule 56.1(d), no reference to admissible evidence supports the statement. The only reference is to the policy itself which does not support the statement. To the contrary, the Plan is itself an employee welfare benefit plan" as defined in ERISA ¶ 3(1), 29 U.S.C. § 1002(1). As such, the policy was issued to insure the benefits provided by the Plan.

    4.    Admitted, although this is a legal conclusion rather than a statement of fact.

    5.    No response is required. Whether the provisions "are particularly relevant to plaintiff's claim and this lawsuit" is an issue of fact, not law. Also, contrary to the requirements of Local Rule 56.1(d), no reference to admissible evidence

---

[2] Declaration of Valerie A. Shore previously filed in support of Plaintiff's Motion for Summary Judgment.

supports the statement. Also, as set forth in ¶ 1, <u>supra</u>, plaintiff was not provided with a copy of the pertinent policy until after she commenced this litigation. As such, the abbreviated limitations period set forth in the Policy (<u>see</u> Defendants' Rule 56.1 Statement ¶ 6) is inapplicable to plaintiff herein. <u>See e.g.</u> <u>Burke v. Kodak Retirement Income Plan</u>, 336 F.3d 103 (2d Cir. 2003); <u>Manginaro v. The Welfare Fund of Local 771 I.A.T.S.E.</u>, 21 F. Supp. 2d 284 (S.D.N.Y. 1998).

6.     Plaintiff admits that the policy contains the quoted paragraph.

7.     Plaintiff admits that the policy contains the quoted paragraph (although failing to capitalize "Plan" as does the Policy)

8.     Plaintiff admits that the policy contains the quoted paragraph.

9.     Admitted in part and denied in part. Plaintiff admits she was employed as an Ethics Officer/Director of Continuing Education and admits that she was unable to report t work beginning January 19, 1999 as a result of a work-related injury. Plaintiff denies that her employment was terminated on January 15, 1999.

10.    Admitted to the extent that this was the information provided on plaintiff's application for benefits which is the only citation defendants proffer for this statement. Plaintiff had been lifting and dragging heavy boxes at work on the day in question. [Complaint ¶ 25; AR 0505] Whether (1) she suffered an injury because of the cumulative effect of having engaged in such activity over the course of her employment and lifting and dragging the box mentioned on her application was literally the straw that broke her back, or (2) lifting and dragging that box was the sole cause of her injury, is immaterial to plaintiff's claim for benefits. The issue is whether or not she is disabled.

11. Admitted to the extent that this was the information provided on plaintiff's application for benefits which is the only citation defendants proffer for this statement.

12. Admitted in part and denied in part. The document referred to, AR 0505, states that Dr. Main's "primary diagnosis" was "lumbar herniated disc L4-L5" and that "symptoms (subjective)" were "low back pain radiating down (L) leg." That document also provides Dr. Main's "objective findings" that "patient has primarily mechanical back pain related to disc injury dating back to her work related incident on January 15, 1999."

13. Admitted to the extent that this was the information provided on plaintiff's application for benefits which is the only citation defendants proffer for this statement.

14. Admitted in part and denied in part. While plaintiff admits that the Reliance form filled out by Dr. Main on July 28, 1999, cited by defendants in this paragraph, notes that he was not referring plaintiff for surgery in the near future but instead was referring her for physical therapy, the form further notes that Dr. Main had referred plaintiff for acupuncture and to a physiatrist for medical rehabilitation. [AR 0505-0506; AR 0431] Plaintiff denies that she was referred to a psychiatrist.

15. Denied. Defendants fail to note that the Reliance form filled out by Dr. Main indicates that the eight hour work day referred to therein includes two breaks and lunch. Also, the two most limiting choices are "None" and "1-3 Hours." Thus, if Dr, Main believed plaintiff could sit and stand, but not for prolonged periods, his only choice was 1-3 hours. Dr. Main was certainly not saying that plaintiff could sit and

4

stand alternately for even one hour apiece during an 8 hour day; any such statement would contradict his other conclusion. Defendants also fail to note that Dr. Main, in the categories for "walk" and "drive" noted that plaintiff was not capable of engaging in these activities, having checked the box "None". Moreover, for other activities set forth on the Reliance form (i.e. bending at the waist, squat at the knees, climb, reach above shoulders, kneel, crawl, use foot controls and drive), Dr. Main checked the box "0 – 33%", which, contrary to defendants' statement, could as likely indicate that plaintiff's capabilities for these activities was 0. This interpretation is more likely because Dr. Main had already indicated at another place on the form that plaintiff's capability to drive was "None". Furthermore, to the question listed as "In an 8 hour day patient can lift/carry", the word "no" was handwritten in on the form. [AR 0506] In essence, Reliance limits the possible responses by drafting the form the way it does and then seeks to use those limitations to deny benefits.

16. While plaintiff admits that in response to the question asking when he expected the patient to achieve maximum medical improvement, Dr. Main checked the box "3-4 months", he also wrote in that he would review her condition after therapy. Furthermore, in answer to the question, "When the above change occurs, what functional capacity will the patient receive?", Dr. Main checked the box that stated "Improved over current but not full [recovery]." [AR 0506]

17. Admitted.

18. Plaintiff denies that Reliance exercised continued review. Rather, plaintiff contends that Reliance did not review but engaged in an exercise whose sole purpose as to deny her continued benefits. See Plaintiff's Rule 56.1 Statement ¶¶

30-62 and citations therein. Plaintiff admits that by letter dated June 19, 2000 Reliance informed plaintiff that it had concluded that she was no longer disabled. [AR 0266-0268]

19.  Denied. Plaintiff's former counsel, by letter dated July 21, 2000, requested that Reliance send him for his review various documents listed in the letter, including a copy of the SPD, a copy of all Plan Documents, Service Agreements, contracts, medical reports relied on by Reliance in denying plaintiff benefits, etc. In that letter he also requested an extension of time to file an appeal for 60 days after his receipt of the requested documents in order to afford him a reasonable opportunity to review the documents. [AR 0251-0253; AR 0263-0265] Plaintiff's appeal was not filed until November 20, 2000 because of Reliance's delay in forwarding the requested documents. [AR 0030-0189]

20.  While plaintiff admits that when she filed the appeal, she questioned the decision to discontinue benefits as well as the manner in which benefits were calculated, she denies that the letter dated July 21, 2000 constituted her appeal. . See response to ¶ 19, above. [AR 0263-0265]

21.  While plaintiff admits that by letter dated September 18, 2000, Reliance forwarded some of the requested documents to plaintiff's former counsel, it did not forward all of them at that time. [AR 0246] For example, as set forth in ¶ 1, *supra*, the governing insurance policy was not provided until after this action was commenced.

22.  While plaintiff admits that she submitted additional documentation to support her appeal, she is unaware of what medical records were already in

Reliance's claim file and thus does not know if they were duplicates. The information plaintiff submitted in support of her appeal included the following:

    a.    A summary of the material duties of plaintiff's occupation, which showed that her occupation was not sedentary as it required frequent travel, hosting and organizing seminars and conferences, conducting tours, and lifting and carrying heavy boxes in connection with coordinating the printing of confidential material. [AR 0045-0046, AR 0091]

    b.    A November 14, 2000 report from Dr. Frederick Swerdlow who opined that plaintiff was unable to "work in any capacity because of difficulty sitting even for short periods of time and difficulty walking and standing. . . . Her limitation of ability to sit in particular makes working even at a sedentary job impossible." [AR 0093] Dr. Swerdlow also confirmed that plaintiff was taking prescription pain medication and muscle relaxants including Celebrex, Flexeril, Valium and Ambien. [AR 0092]

    c.    A July 24, 2000 opinion by Dr. Swerdlow that plaintiff:

> continues to experience pain in the lower back with paresthesias especially severe in the lower back and pelvis as well as the lower extremities. . . . These clinical problems are characteristic of lumbar radiculopathy and the discogenic problem previously documented on the MRI test. Her symptoms are worsened by sitting in particular or standing for prolonged periods of time and some problems are typically experienced within the context of her established diagnosis of discogenic disease. She continues to require treatment with anti-inflammatory medication as well as muscle relaxants along with analgesics but unfortunately the use of these medications interferes with her ability to concentrate. [AR 0099].

  d. Additional reports from Dr. Swerdlow: a March 31, 2000 report (stating that plaintiff is under his care for the treatment of "lumbar radiculopathy in the setting of degenerative disc disease," confirming that plaintiff "remains disabled as a consequence of this injury and continues to require ongoing care . . . ") [AR 0098]; examination notes dated March 31, 2000 (indicating that he recommended a trial of Ultram, an opiate pain medication) [AR 0102]; June 15, 2000 Physical Capacities Evaluation form (stating that plaintiff was limited in standing and/or walking to less than two hours per day, and could sit for less than six hours per day (the highest degree of impairment that can be indicated on the form) [AR 0111]; April 10, 2000 form (same limitations) [AR 0113].

  e. An April 7, 2000 "Physical Capacities Evaluation" form completed by plaintiff's physical therapist indicating that plaintiff could carry up to five pounds, frequently carry only one to two pounds, stand and walk for less than two hours per day and sit for less than six hours per day, and that plaintiff was limited in her ability to push or pull and had limited strength in her lower legs, and a September 28, 1999 report from the physical therapist stating that plaintiff could carry three pounds, stand and walk for less than two hours per day, and sit for less than six hours per day.  [AR 0374, AR 0153]

  f. An opinion from Dr. Samir Dutta, who stated that "[c]laimant takes Advil for pain and Hydrocodone . . . . She cannot drive.  She lives on her own.  She can sit for 45 minutes, stand for 45 minutes, walk for five to six blocks, and can carry about five lbs. maximum.  She spends her time at home,

8

doing some light household chores." Dr. Dutta further noted that plaintiff's "[s]pine shows moderate paraspinal muscle spasm." His diagnosis was that plaintiff suffered from a herniated disc at L4-5 as well as a bulging disc L5-S1 with right lumbar root radiculopathy. He concluded that "[c]laimant's conditions are chronic in nature, and not likely to improve completely. . . . Claimant can sit for one to two hours, stand for one to two hours, walk for eight to ten blocks, and can carry about 10-15 lbs." [AR 0114-00115]

      g.     A decision by the Social Security Administration finding that plaintiff was unable to work. [AR 0172-0180] The Social Security administrative law judge expressly found that plaintiff's "own subjective allegations" regarding her pain and impairment were "credible." The judge also concluded that plaintiff was "able to lift or carry up to only 10 pounds, and to sit for up to only two hours and stand or walk for only two hours in an eight-hour workday." [AR 0178]

      h.     A list of medication prepared in conjunction with plaintiff's Social Security application, indicating that plaintiff was taking extensive prescription medication for her pain, including Naproxen, Flexeril, Ambien, Hydrocodone, Sulindac, Celebrex and Vicodin. [AR 0169-0170]

      i.     An affidavit from plaintiff in which she detailed the nature of her back pain and numbness in her extremities. [AR 0181-0184] Specifically, plaintiff stated that she takes medication, including Celebrex, Valium and other pain relievers, but tries not to do so with frequency even when she is in great pain because of her concern about addiction. [AR 0181] Plaintiff also stated

in her affidavit that she is unable to sit for more than approximately thirty-five minutes without experiencing severe pain and numbness, and that she spends most of the day lying down. [AR 0183-0184]

In addition to the above list of documents, by letter dated January 22, 2001, plaintiff's former counsel supplemented the record by providing Reliance Standard with a decision from the New York State Workers Compensation Board concluding that plaintiff was permanently partially disabled. [AR 0023-0025]

23. While plaintiff admits that Reliance upheld its prior determination to discontinue her benefits, as set forth in ¶ 18, *supra*, plaintiff contends that Reliance did not review but engaged in an exercise whose sole purpose as to deny her continued benefits.

24. Admitted.

25. Denied. This is a legal conclusion rather than a statement of fact.

**WHEREFORE**, plaintiff respectfully requests that defendants' motion be denied in all respects.

Dated: New York, New York
February 22, 2005

ROSEN PREMINGER & BLOOM LLP
Attorneys for Plaintiff

By: _____/s/_____
David S. Preminger (DP 1057)
708 Third Avenue, Suite 1600
New York, New York 10017
(212) 682-1900
