UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

──────────────────────────────X
:
VALERIE A. SHORE                    :    CIVIL ACTION NO.
                                    :    1:04-4152-DC
       v.                           :
                                    :
RELIANCE STANDARD LIFE              :
INSURANCE COMPANY, et al.           :
                                    :
──────────────────────────────X

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

I.   INTRODUCTION

Reliance Standard Life Insurance Company (Reliance Standard) hereby replies to plaintiff's memorandum in opposition to its Motion for Summary Judgment. Plaintiff raises two arguments: (a) that Reliance Standard has mischaracterized and/or only partially referenced the record and (b) Reliance Standard improperly relies on the three year statute of limitations contained within the policy. Both of plaintiff's arguments are in error.

II.  RELIANCE STANDARD PROPERLY REPORTED THE FACTS OF PLAINTIFF'S
     CLAIM

Plaintiff contends that Reliance Standard has not included, within the procedural history portion of its Memorandum of Law in support of its Motion for Summary Judgment, all necessary portions of the record, especially those favorable to her claim. However, the 517-page record can not be repeated, at length within a Motion for Summary Judgment. Reliance Standard has provided the Court with an accurate

accounting of the circumstances leading to the discontinuance of benefits, as well as a complete copy of the record which includes un-redacted copies of each record to which Reliance Standard made reference and even those pages to which it did not refer. Reliance Standard has acknowledged that there are records from plaintiff's treating physicians which indicate a belief that plaintiff is totally disabled. Defs. Mem., p. 23. However, as noted within Reliance Standard's Motion for Summary Judgment and accompanying memorandum, Reliance Standard is not bound by the determinations of plaintiff's treating physicians on the ultimate issue of disability. Reliance Standard is bound to consider the records of plaintiff's physicians.

In this case, Reliance Standard considered all evidence, including those records provided by plaintiff's physicians. Reliance Standard's summarization of those records can not be faulted; nor can its decision to discontinue benefits. In fact, it is plaintiff who draws assumptions where none can properly be drawn; thus resulting in a mischaracterization of the record by plaintiff.

By way of example, plaintiff faults Reliance Standard's partial reliance on the fact that when plaintiff's claim was submitted, her physician indicated that surgery was not expected in the near future and that she was being referred to physical therapy and a physiatrist[1]. Apparently arguing that the question was deceptive because it called for a

---

[1] Reliance Standard concedes that in its Motion for Summary Judgment it incorrectly indicated that plaintiff was referred to physical therapy and to a psychiatrist. Plaintiff has correctly noted that the referral was to physical therapy and a physiatrist. However, plaintiff's assumption that such an error was anything more than a clerical error is disingenuous, as Reliance Standard has never asserted that plaintiff's complaints were a delusion. Reliance Standard has indeed accepted her subjective

"yes" or "no" answer, plaintiff argues that Reliance Standard misinterpreted her physicians response. Regardless of whether her physician stated that surgery was not expected in the near future in response to an open-ended question or in response to the "yes"/"no" format of questioning on the Reliance Standard form, the fact remains that surgery was not contemplated in the near future. Reliance Standard accurately reported the response provided by Dr. Main. Plaintiff argues that the question of whether surgery was contemplated in the near future was vague, with respect to the period of time referenced as "near future." Assuming this to be true (an assumption which should not be made), this form was being completed by a physician who arguably is sophisticated enough to provide additional explanation where he believes it is warranted. Had Dr. Main wanted to qualify his response by indicating a specific time period, he could have done so. He has demonstrated the ability and willingness to expand where not called to do so by noting that plaintiff was being referred to physical therapy. (AR 505).

Plaintiff mis-characterizes the response of Dr. Main, with regard to the expectation of surgery, arguing that "Dr. Main correctly added that he was referring Plaintiff for physical therapy, obviously indicating that surgery might be needed if physical therapy proved ineffective." Pl.'s Resp., p. 2. However, the assumption made by plaintiff as "obvious" is not so. Indeed, a reasonably obvious alternative is that Dr. Main believed that plaintiff's condition would be markedly improved with non-surgical

---

complaints as true; however, it properly determined that her largely self-reported complaints do not demonstrate a total disability.

treatment. While Dr. Main expanded by providing a response that plaintiff was being referred to physical therapy, he *did not* indicate that surgery would be considered if those options did not work. Therefore, plaintiff's unfounded assumption should be rejected.

Excepting only that error noted above, relating to the referral to a physiatrist, in each case that it referred to the Administrative Record, Reliance Standard did so accurately. Obviously, Reliance Standard and plaintiff have a different interpretation of the records contained within the Administrative Record. The fact that Reliance Standard has provided the Court with its view and supporting documentation does not mean that its recitation is "replete with inaccuracies and omissions" as plaintiff argues. If true, such an argument would equally be applicable to plaintiff's recitation. The dispute between the parties merely means that the ultimate issue must be decided by the Court. However, the time for plaintiff to make such an application to this Court for determination expired with the passing of the applicable three year statute of limitations.

III. THE APPLICABLE STATUTE OF LIMITATIONS OF THREE YEARS EXPIRED PRIOR TO THE INITIATION OF PLAINTIFF'S LAWSUIT

Within its Motion for Summary Judgment, Reliance Standard properly asserted a three year statute of limitations, as it is expressly provided within the policy. The policy provides:

> LEGAL ACTIONS: No legal action may be brought against us to recover on this Policy within sixty (60) days after written proof of loss has been given as required by this Policy. No action may be brought after three (3) years

4

>(Kansas, five (5) years; South Carolina, six (6) years) from the
>time written proof of loss is received.

See Policy, p. 5.1. Contrary to plaintiff's argument that Reliance Standard has provided no legal authority for its position that the applicable statute of limitations is three years, Reliance Standard has addressed this issue within its Motion for Summary Judgment and more at length within its Response to Plaintiff's Motion for Summary Judgment. The relevant portions of each document are incorporated herein, at length.

Plaintiff contends that the applicable period is six years, as pronounced by state statute. However, the parties to the insurance policy[2] exercised their legal right to shorten the period to three years. There is no dispute that Reliance Standard and PaineWebber Group Inc. are able to shorten the applicable period of limitations. The dispute is whether the fact that the Summary Plan Description did not reference the shortened limitation period precludes application of the three year period. It does not.

The exact policy language limiting the period to three years in this policy has been interpreted to require the filing of a lawsuit within three years of the repudiation. *See Patterson-Priori v. UNUM Life Ins. Co.*, 846 F. Supp. 1102 (E.D.N.Y. 1994). Defendants have conceded that the Summary Plan Description does not contain the three (3) year limitation period. Defendants have also acknowledged the decision in *Manginaro v. The Welfare Fund of Local 771*, 21 F. Supp. 2d 284 (S.D.N.Y. 1998), in which the Court rejected the contractually shortened period of limitations because the modified period was not

---

[2] The policy is a group long term disability insurance policy. Accordingly, the parties are Reliance Standard and PaineWebber Group Inc., the policy holder and plaintiff's employer.

referenced within the summary plan description. However, defendants maintain that the Court in *Manginaro* improperly extended the nature of defendants' statutory duties. (Dkt. No. 17, p. 5-7).[3]

ERISA requires a summary plan description to include "circumstances which may result in disqualification, ineligibility, or denial, loss, forfeiture, suspension, offset, reduction, or recovery (e.g. by exercise of subrogation or reimbursement rights) of any benefits that a participant or beneficiary might otherwise reasonably expect the plan to provide. . ." 29 C.F.R. 2520.102-3(1). None of these apply to a contractual limitation period in a policy. The contractual limitation concerns only whether the claimant has standing to pursue a *lawsuit* in Court. The issues should be distinguished.

Even if this Court determines that the Plan Administrator had an obligation to provide plaintiff with notice of the shortened period of limitations through a summary plan description *or other similar means*, the obligation was met with a Certificate of Insurance booklet provided to PaineWebber Group Inc. by Reliance Standard. In *Manginaro*, the Court relied on facts that are not present here when it determined that the limitations period would not be shortened based on the policy language. In this case, Reliance Standard provided PaineWebber with a Group Long Term Disability Insurance Program Booklet. This booklet consisted of the Certificate of Insurance and included all relevant terms of the policy, *including the applicable language regarding the three (3) year limitation on lawsuits*. See Affidavit of Leticia Waelz and attachment thereto, a true and correct copy of which is attached hereto as Exhibit "A." As

---

[3]Counsel for Ms. Shore also represented the plaintiff in *Manginaro*.

explained within the Affidavit of Ms. Waelz, the Certificate of Insurance was maintained by PaineWebber at the time that plaintiff submitted her claim; was maintained within the Benefits Department; was utilized to answer questions posed by employees of the company regarding employee benefits *and was available to any employee who requested a copy of it.* See Exhibit "A."

The fact that PaineWebber Group Inc. was provided with the booklet and used it in response to employee questions regarding long term disability coverage is significant. In *Manginaro*, the Court explained that a claimant is "entitled to rely on [the statutory default period of limitations] until they knew, *or had reason to know*, this period had been curtailed by the Plan." *Id.* at 296. (Emphasis added). Furthermore, noting that whether the insured ever read the disclosing document *is not significant*, the Court stated "[h]ad the Fund adequately disclosed the two-year limitation to its participants via the [Summary Plan Description], it is likely that [the insured] would have learned of this limitation from his employer, his co-workers, or the union, even if he never read the [Summary Plan Description] himself." *Id.* at 296 (*citing Ritzer v. Nat'l Org. of Indus., Trade Unions Ins. Trust Fund Hosp., Medical, Surgical Health Benefit*, 822 F. Supp. 951, 955 for the proposition that "'[w]hile many employees may never in fact study summary plan descriptions, they are likely to learn of the provision as explained in the description through conversations with fellow employees and their employer'").

Under the authority of *Manginaro*, plaintiff had reason to know that the three (3) year limitation on lawsuits applied because the Certificate of Insurance was utilized in response to inquiries from employees. It was likely that plaintiff would have learned of

this information from her employer or co-workers. For this reason, plaintiff can not now argue against the applicable three year period of limitations. It makes no difference that the certificate booklet may not have been provided to plaintiff. Absent a request for documents, a plan has no duty to provide them. 29 U.S.C. §1024(b)(4).

Plaintiff closes this portion of her response to Reliance Standard's Motion for Summary Judgment, arguing that (1) a lawsuit is a claim and that the Summary Plan Description was required to include a provision indicating that the statue of limitations is three years and (2) that the Summary Plan Description governs when in conflict with the policy. This argument should not be accepted. A claim is submitted at the Administrative level for determination by Reliance Standard in accordance with the discretion granted under the policy. The lawsuit is distinguishable, governed by the statute of limitations set forth within the policy. With regard to the second issue, Reliance Standard does not dispute that a Summary Plan Description governs in the case of a conflict between it and the policy. However, in this case there is no conflict. A conflict exists only when the documents contain different or conflicting terms. *See Moriarty v. UTC Plan*, 158 F.3d 157, 160 (2d Cir. 1998). The Summary Plan Description does not reference the statute of limitations. The policy and the Certificate of Insurance booklet do reference the statute of limitations and both report a three year limitation. As no conflict exists, the policy governs.

IV. CONCLUSION

Reliance Standard properly decided to discontinue benefits to plaintiff in accordance with the discretion granted to it. However, this issue should never be

8

addressed by this Court. Review of this case should not extend beyond a finding that the applicable statute of limitations is three years and that plaintiff's lawsuit (as opposed to her claim for benefits) is untimely.

                                  RAWLE & HENDERSON, LLP

                            BY:      _____/s/_____
                                    Joshua Bachrach, Esquire
                                    Heather J. Holloway, Esquire
                                    Attorneys for Defendants
                                    The Widener Building
                                    One South Penn Square
                                    Philadelphia, PA 19103

Date: March 8, 2005