



JOSHUA BACHRACH
215-575-4261
jbachrach@rawle.com

The Nation's Oldest Law Office · *Established in 1783*

www.rawle.com

TELEPHONE (215) 575-4200
FACSIMILE (215) 563-2583

October 23, 2007



Honorable Kenneth M. Karas
United States District Court
 For the Southern District of New York
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

    Re: **Valerie Shore v. Payne Weber Long Term Disability Plan**
       **Case No. 04-cv-4152**

Dear Judge Karas:

  We represent defendants in connection with the above-captioned lawsuit. We are responding to counsel for plaintiff's letter in which he requests a pre-motion conference in connection with a proposed motion for attorney's fees and costs under ERISA. For the reasons stated below, defendants do not believe that plaintiff has a valid claim for fees at this time an the request should be denied.

  In this Court's Opinion and Order dated October 15, 2007, the Court remanded the claim to the Plan to re-evaluate the claim consistent with the Court's decision. There was no finding by the Court that plaintiff is entitled to benefits. Under these identical circumstances, numerous courts have held that a request for fees is premature. *See Shutts v. First Unum Life Ins. Co.*, 310 F. Supp. 2d 489, 501 (N.D.N.Y 2004) ("it is premature to address the issue at this juncture since the Court must remand the matter to Defendant for further consideration"); *Platt v. Walgreen Income Protection Plan*, 2006 WL 3694580 (M.D. Tenn. Dec. 14, 2006); *Baca-Flores v. Hartford Life & Accident Ins. Co.*, 2006 WL 2130528 (E.D. Mich. July 28, 2006); *Carugati v. Long Term Disability Plan*, 2002 U.S. Dist. LEXIS 4774 (N.D. Ill. March 21, 2002).

2176512-1

RAWLE & HENDERSON LLP

October 23, 2007
Page 2

In each of the cases cited above, the courts recognized that the remand orders did not address the merits of the disability claims. This did not, however, mean that a motion for fees could not potentially be brought at a later time in the event the claimant later prevailed in court. This was explained in *Platt*:

> The Court did not rule on the merits of Plaintiff's disability claim. There has been no determination that Plaintiff is entitled to long-term disability benefits. Thus, it is premature to award attorney's fees in Plaintiff's favor at this time. The Court will deny Plaintiff's motion without prejudice to Plaintiff's re-filing of a motion for attorney's fees if she ultimately prevails in this Court on her disability claim.

*See Platt*, supra (internal citations omitted).

Recently, the Second Circuit considered on appeal from a district court's decision to deny a fee claim after a remand to the plan. *See Giraldo v. Building Services 32B-J Pension Fund*, __ F.3d __, 2007 WL 274416 (2d Cir. July 20, 2007). In *Giraldo*, the district court concluded that the claimant did not receive a "full and fair review" and the claim was remanded to the plan to make additional findings. Thereafter, the plaintiff sought an award of attorney's fees and costs in the district court. The district court denied the motion for fees without an explanation. The plaintiff appealed that decision.

The Second Circuit concluded that a remand order is not a final judgment that may be appealed. Accordingly, it dismissed the appeal for lack of appellate jurisdiction. Nevertheless, the Court's discussion of the order denying attorney's fees is helpful to this Court's analysis. The Second Circuit recognized that its decision did not foreclose the possibility of the plaintiff seeking fees at a later time. The Court noted that the lawsuit remained open in the district court and that the plaintiff could file a new motion for fees following a second denial of the claim and the district court's final judgment on the claim.

In support of her request for fees, plaintiff cites to *Miller v. United Welfare Fund*, 72 F.3d 1066 (2d Cir. 1995). There appears to be some conflict between the statement in *Miller* that the district court could decide the fee claim before deciding if the claimant should prevail on the claim for benefits and the statement in *Giraldo* that the claim for fees should await "the district court's final judgment." The decision in *Miller* was based on the court's statement that a party does not need to prevail in order to seek fees. More recent decisions by the Second Circuit, including *Giraldo*, raise questions as to whether that is still the law of the Second Circuit. *See also Leyda v. AlliedSignal, Inc.*, 322 F.3d 199 (2d Cir. 2003)(recognizing that the district court denied the request for fees by the "prevailing party" and stating that the cross-appeal on the question of fees "would be moot if [the plan's] challenges to the district court's decision on the merits were sustainable").

Even if the issue of fees is properly before the Court at this time, plaintiff's request should be denied based on the five factor test that is applied. As the Court recognized, plaintiff relied heavily on her affidavit in support of her disability claim, which was first submitted in

2176512-1

# RAWLE & HENDERSON LLP

October 23, 2007
Page 3

connection with this litigation. This affidavit raised a number of new factual arguments that defendants never had the opportunity to consider. This evidence must be addressed before any conclusion can be reached on plaintiff's entitlement to benefits and her rights (if any) to fees.

Very truly yours,

RAWLE & HENDERSON LLP

By: *[signature]*

Joshua Bachrach

JB/nmc

cc: David S. Preminger, Esquire
Rosen, Preminger & Bloom, LLP
708 Third Avenue, Suite 1600
New York, NY 10017

---

*[Handwritten order:]*

This matter having been reassigned to me from Judge Karas, the parties are directed to appear for a premotion conference on **Nov. 20, 2008** at **4PM** in Courtroom 21C, US Courthouse, 500 Pearl Street, New York, NY.

SO ORDERED
Dated: *[signature]*
RICHARD J. SULLIVAN
U.S.D.J.

2176512-1

## ROSEN PREMINGER & BLOOM LLP

ATTORNEYS AT LAW
708 THIRD AVENUE — SUITE 1600
NEW YORK, N.Y. 10017
212 682-1900
TELECOPIER: 212 867-6878
rpb@rpblawny.com

October 18, 2007

Honorable Kenneth M. Karas
United States Courthouse
300 Quarropas St., Room 533
White Plains, NY 10601

      Re:    *Valerie Shore v. PaineWebber Long-Term Disability Plan*
              No. 04 Civ. 4152 (KMK)

Dear Judge Karas:

    We are the attorneys for the plaintiff in the referenced action in which the Court, by Opinion and Order dated October 12, 2007, denied the parties' cross-motions for summary judgment. The Court found that the Plan's denial of long term disability benefits to plaintiff was arbitrary and remanded this matter to the Plan Administrator with directions to reevaluate plaintiff's claim, *inter alia*, based on the actual circumstances of her last occupation rather than the inapplicable occupation the Plan Administrator had used to deny benefits.

    Pursuant to Your Honor's Rule II. A., plaintiff now requests a pre-motion conference with respect to her prospective motion for attorney's fees and costs pursuant to Federal Rules of Civil Procedure 54(d) and ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), the latter of which provides in pertinent part: "In any action under this title . . . by a participant . . ., the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

    The Second Circuit has held that "ERISA's attorney's fee provisions must be liberally construed to protect the statutory purpose of vindicating retirement rights, even when small amounts are involved." *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F. 2d 869, 872 (2d Cir. 1987), citing *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 589-90 (9th Cir. 1984). Absent a "particular justification for not doing so," fees should be awarded to a prevailing plaintiff in an ERISA action. *Birmingham v. SoGen-Swiss Int'l Corp. Ret. Plan*, 718 F.2d 515, 523 (2d Cir. 1983).

    The Second Circuit Court has adopted the following five factors upon which courts are to base a decision of whether to award attorney's fees under ERISA:

> (1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants.

Honorable Kenneth M. Karas
Re:    *Valerie Shore v. PaineWebber Long-Term Disability Plan*
       No. 04 Civ. 4152 (KMK)
October 18, 2007
Page 2


*Chambless*, 815 F. 2d 869, 871 (2d Cir.1987). In applying these factors, the district court must keep ERISA's remedial purposes in mind because ERISA "is to afford [participants and beneficiaries] effective access to federal courts." *Smith*, 746 F.2d at 589.

This Court has already held that defendants' decision to deny benefits was arbitrary, thereby satisfying the "culpability" requirement. A showing of bad faith is not required. *Gennamore v. Buffalo Sheet Metals, Inc.*, 568 F. Supp. 931, 936 (S.D.N.Y. 1983). "Instead, a party moving for attorney's fees may demonstrate that the offending party was culpable or at fault in causing the dispute underlying the motion for attorneys' fees . . .." *Citrin v. Erikson*, 918 F. Supp. 792, 800 (S.D.N.Y. 1996) (citations omitted). A defendant is culpable where it "violated ERISA, thereby depriving plaintiffs of rights under a pension plan and violating a Congressional mandate." *Salovaara v. Eckert*, 222 F.3d 19, 28 (2d Cir. 2000).

As to the second factor, plaintiff has no knowledge of defendants' financial resources, but expects that they could satisfy an award. ERISA contains a fee shifting provision "to enable pension claimants to obtain competent counsel and to distribute the economic burden of litigation in a fair manner." *Ford v. New York Central Teamsters Pension Fund*, 506 F. Supp. 180, 182 (W.D.N.Y. 1980), citing *Carter v. Montgomery Ward & Co.*, 76 F.R.D. 565, 568 (E.D.Tenn. 1977).

With respect to the third factor, an award of fees could certainly deter Reliance and other administrators from denying claims for disability benefits based upon the arbitrary adoption of inapplicable occupation definitions. In *Alternative Care Systems v. Metropolitan Life Insurance Company*, No. 92 Civ. 7208 (RPP), 1996 U.S. Dist LEXIS 1705 (S.D.N.Y. Feb 15, 1996), as here, the defendants were found to have made a benefit determination in total derogation of their statutory and regulatory obligations. In granting an award of fees, the court stated at *17-18 that

> where the procedural error was significant and avoidable, an award of attorneys' fees to a plaintiff will deter careless administration and improve protection of employee rights. The deterrent value of the award and the clarification of the significance of procedural compliance in the administration of ERISA health care plans, moreover, contribute to the well-being of other plan recipients.

Similarly,

> [t]he knowledge that courts are willing to award attorneys' fees against those who unjustifiably frustrate the purpose and the operation of trust funds established pursuant to [Taft-Hartley Act] section 302(c)[1] and ERISA will dissuade other trust administrators from engaging in the sort of unwarranted conduct that Respondents exhibited in the instant case.

*Citrin v. Erikson*, 918 F. Supp. 792, 801 (S.D.N.Y. 1996) (citations omitted). In addition, the knowledge that fees and costs will be imposed acts as "a powerful deterrent." *Id.*

---

[1] 29 U.S.C. § 186(c).

Honorable Kenneth M. Karas
Re:   *Valerie Shore v. PaineWebber Long-Term Disability Plan*
       No. 04 Civ. 4152 (KMK)
October 18, 2007
Page 3

The fact that the Court remanded rather than decided the ultimate question of entitlement to benefits does not alter that the fourth factor favors plaintiff. First, because ERISA § 502(g)(1) authorizes an award of fees to "either party," a plaintiff need not even be a prevailing party to receive such an award. *Miller v. Potok*, 72 F.3d 1066, 1074 (2d Cir. 1995). Second,

> the district court may in fact determine that Miller is the prevailing party to the extent that her motion for summary judgment claimed that the Fund's denial was arbitrary and capricious.[2] *See Sansevera v. E.I. DuPont de Nemours & Co.*, 859 F. Supp. 106, 117 (S.D.N.Y. 1994) (granting attorneys' fees to plaintiff whose summary judgment motion was partially granted as to claim that Plan Board acted arbitrarily and capriciously in denying benefits).

*Id. See also Kayes v. Pacific Lumber Co.*, 51 F.3d 1449, 1469 (9th Cir. 1995), holding that an award of interim attorney's fees is permitted by ERISA.

As to the fifth factor, plaintiff concededly brought this action in order to obtain benefits for herself, rather than to accomplish a broader remedial purpose. However, the fact that plaintiff's primary intent was not to provide a "common benefit" does not foreclose an award of fees, both because all five factors need not be met[3] and because, here, a "common benefit" has been provided as an ancillary product of the litigation. As one court pointed out, "plaintiff's successful challenge to the denial of her claim for benefits will help encourage [First Unum] to consider these applications for long-term disability with more care." *Leva v. First Unum Life Insurance Company*, 1999 U.S. Dist. LEXIS 6713 at *4 (S.D.N.Y. May 11, 1999). *See also Wein v. Prudential; Ins. Co. of Am.*, 03-CV-6526 (NGG) (CLP), 2006 U.S. Dist. LEXIS 73308 at *41 (E.D.N.Y. Oct. 2, 2006) ("an award of attorney's fees would serve a purpose in encouraging Prudential to modify its procedures for the better"). While the Second Circuit has "not yet recognized such circumstances to satisfy the fifth factor," *Locher v. Unum Life Ins. Co.*, 389 F.3d 288, 299 (2d Cir. 2004), it has not rejected such a conclusion either. In *Locher*, the Second Circuit affirmed the decision below granting fees without discussing this factor. *Id.*

Thank you for your Honor's attention to and consideration of this matter.

Respectfully submitted,
Rosen Preminger & Bloom LLP

By: _____
      David S. Preminger

Cc.   Joshua Bachrach, Esq.

---

[2] As here.
[3] *See Ford v. New York Central Teamsters Pension Fund*, 506 F. Supp. 180, 183 (W.D.N.Y. 1980), aff'd, 642 F.2d 664 (2d Cir. 1981) (per curiam); *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 590 (9th Cir. 1984).