UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————X
                                          :
VALERIE A. SHORE                          :    CIVIL ACTION NO.
                                          :    1:04-4152-DC
              v.                          :
                                          :
                                          :
RELIANCE STANDARD LIFE                    :
INSURANCE COMPANY, et al.                 :
                                          :
                                          :
——————————————————————X

## DEFENDANT'S MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFF'S MOTION FOR
## AN AWARD OF ATTORNEY'S FEES AND COSTS

## INTRODUCTION

Plaintiff's motion for attorney's fees is, at the very least, premature. Plaintiff has not yet prevailed on her claim for benefits. Instead, her claim was remanded to Reliance Standard for further review. Based on controlling Second Circuit precedent as well as recent comments by that Court, a motion for fees must await the ultimate decision on the benefit claim.

To the extent that plaintiff's motion for fees is properly before this Court, that motion should be denied based on the five factors that are considered when a court decides whether to award fees under ERISA. Nor can the fees claimed by counsel be considered "reasonable." Accordingly, any award of fees must be reduced significantly.

## ARGUMENT

A.    Plaintiff's Motion For Fees Is Premature
      Because She Has Not "Prevailed"
      On Her Claim For Benefits.

Citing to *Miller v. United Welfare Fund*, 72 F.3d 1066 (2d Cir. 1995), plaintiff argues

that she is entitled to an award of fees even though there has been no determination that she is

entitled to benefits under the Plan. Without question, there is language in *Miller* that supports

plaintiff's position. However, that language is in conflict with an earlier Second Circuit decision

that is directly on point, and the three judge panel in *Miller* was not at liberty to change existing

Second Circuit law.

Long before the Second Circuit decided *Miller*, it held that "attorney's fees may be

awarded to the *prevailing party* under ERISA in the absence of some particular justification for

not doing so." *Birmingham v. Sogen-Swiss Int'l Corp.*, 718 F.2d 515, 523 (2d Cir.

1983)(emphasis added). Notwithstanding the language in *Miller*, courts continue to recognize

the validity of *Birmingham* and the prevailing party requirement. *See Winkler v. Metropolitan

Life Ins. Co.*, No. 03 Civ. 9656, 2006 WL 2850247 (S.D.N.Y. Sept. 28, 2006); *Veltri v. Building

Services 32B-J Pension Fund*, No. 02 Civ. 4200, 2004 WL 856329 (S.D.N.Y. April 19, 2004).

There is no indication in the *Miller* opinion that the court intended to overrule

*Birmingham*, nor was it in a position to do so. "[E]very panel of [the Second Circuit] is bound

by the decisions of earlier panels. " *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157

F.3d 174, 176 (2d Cir. 1998). A panel's decision can only be overruled by the Second Circuit

sitting en banc. *Lee v. C.I.R.*, 155 F.3d 584, 587 (2d Cir. 1998). *Birmingham* remains the law of

this Circuit and under it, plaintiff must prevail before she may seek fees.

Plaintiff has not prevailed based on the district court's remand to Reliance Standard for further review. A number of courts, including at least one district court within this Circuit have held that a court's order remanding a claim to the plan does not entitle the claimant to an award of fees. *See Shutts v. First Unum Life Ins. Co.*, 310 F. Supp. 2d 489, 501 (N.D.N.Y. 2004) ("it is premature to address the issue at this juncture since the court must remand the matter to defendant for further consideration"). *See also, Platt v. Walgreen Income Prot. Plan*, No. 3:05-0162, 2006 WL 3694580 (M.D. Tenn. Dec. 14, 2006); *Baca-Flores v. Hartford Life & Accident Ins. Co.*, No, 03-72131, 2006 WL 2130528 (E.D. Mich. July 28, 2006); *Carugati v. Long Term Disability Plan*, No. 01 C 5869, 2002 WL 441479 (N.D. Ill. Mar. 21, 2002).

A recent decision by the Second Circuit supports the conclusion that an award of fees at this juncture of the claim process is premature. *See Giraldo v. Building Service 32B-J Pension Fund*, 502 F.3d 200 (2d Cir. 2007). In *Giraldo*, the Second Circuit held that a district court's decision to remand the claim to the plan when the claimant has not received a "full and fair review" is not a final appealable order. The Court also concluded that the order of the district court denying the plaintiff's motion for fees was also not reviewable since it did not fall under the collateral order doctrine. Since a decision to remand a claim cannot be considered a final judgment, it cannot be said that a claimant who obtains a remand has "prevailed."

The Second Circuit's discussion of the fee claim in *Giraldo* supports defendants' argument that the request is premature at this time. Notwithstanding the fact the appeal from the denial of the fee award was premature, the Second Circuit still commented on the claim. The court noted that the district court's denial did not foreclose the plaintiff from seeking fees after the remand was completed since the lawsuit remained open in the district court. The same is true

in this case. Following the remand, plaintiff can file a motion for fees. At that point, the court will be in a position to address whether she has prevailed.

B.    Plaintiff Is Not Entitle To
      An Award Of Fees And Costs.

Plaintiff's brief correctly sets forth the five factors that a court considers when deciding if fees should be awarded.[1] It is within the discretion of the court whether to award fees. *Salovaara v. Eckert*, 222 F.3d 19, 27 (2d Cir. 2000). The mere finding that a decision was arbitrary and capricious is not the same as a finding of culpability or bad faith. *Leyda v. AlliedSignal, Inc.*, 322 F.3d 199, 210 (2d Cir. 2003). When the five factors are considered in the context of this claim, an award of fees is inappropriate.

        1.    Culpability Or Bad Faith.

Plaintiff primarily argues that defendants' culpability is shown by its failure to provide a full and fair review. This was not a basis for the district court's decision. The district court based its decision entirely on Reliance Standard's incorrect classification of her "regular occupation." There is no evidence that Reliance Standard failed to provide Ms. Shore with a "full and fair review." Therefore, plaintiff's reliance on cases discussing this issue is improper.

In light of the fact that plaintiff fails to identify any procedural real violation on the part of Reliance Standard, counsel for plaintiff's lengthy discussion on this subject and his comments toward Reliance Standard are especially inappropriate. For example, on page 14 of the brief, counsel for plaintiff states that Reliance Standard's decision "was prompted more by fiscal concerns than any doubt as to her physical condition." Counsel for plaintiff also makes

---

[1]    Remarkably, in this section of her brief, plaintiff cites to the decision in *Birmingham* as supporting her motion. See Brief of Plaintiff at page 2. For the reasons stated above, this is clearly not the case.

disparaging comments regarding the training of Reliance Standard employees. There is absolutely no evidence to support any of these statements.

When Judge Karas remanded the claim to Reliance Standard, it concluded that there was nothing in the record to suggest that Reliance Standard was "unwilling or unable to fairly evaluate Plaintiff's claim for benefits." If the Court believed that there was real culpability or bad faith on the part of Reliance Standard, the Court would not have remanded the claim, but would have made a decision on eligibility on its own.

Judge Karas decided that that remand was especially appropriate in this case because plaintiff relied heavily on an affidavit which she submitted in connection with her motion for summary judgment, and which was not before Reliance Standard at the time it made its decision. A decision cannot be considered arbitrary and capricious for failing to take into consideration evidence that was not before it. Nor is this point limited to plaintiff's affidavit. The attorneys representing Ms. Shore during her appeal from the initial denial of benefits never raised the decision in *Kinstler v. First Reliance Standard Life Ins. Co.*, 181 F.3d 243 (2d Cir. 1999), as supporting the claim. It is important to remember that *Kinstler* was decided only a short time prior to the initial denial of Ms. Shore's benefit claim. Apparently, counsel representing plaintiff during the appeal, who regularly handle ERISA cases, did not realize the applicability of that decision to this claim either.

On pages 4 and 5 of the brief, counsel for plaintiff continues his attacks on Reliance Standard and its failure to follow *Kinstler*, by citing to other court decisions. Each of the cases mentioned by plaintiff was decided long after the decision on Ms. Shore's claim. Plaintiff also leaves the wrong impression with this Court that Reliance Standard's interpretation of "regular occupation" has been rejected by all courts that have addressed it. On the contrary, its

interpretation has been followed in cases involving Reliance Standard and other plan defendants in numerous decisions, including *Osborne v. Hartford Life & Accident Ins. Co.*, 465 F.3d 296 (6th Cir. 2006); *Gallagher v. Reliance Standard Life Ins. Co.*, 305 F.3d 264, 272 (4th Cir. 2002); *Ehrensaft v. Dimension Works, Inc. Long Term Disability Plan*, 120 F. Supp. 2d 1253 (D. Nev. 2000), *aff'd*, 22 Fed. Appx. 908 (9th Cir. 2002), *Panther v. Synthes (U.S.A)*, 371 F. Supp. 2d 1267 (D. Kan. 2005); *Ayer v. Liberty Life Assurance Co.*, 382 F. Supp. 2d 162 (D. Me. 2005); *Richards v. Hartford Life & Accident Ins. Co.*, 356 F. Supp. 2d 1278 (S.D. Fla. 2004); *Ceasar v. Hartford Life & Accident Ins. Co.*, 947 F. Supp. 204 (D.S.C. 1996). Defendants are not raising these cases to suggest that *Kinstler* does not apply. However, at the time of the decision on Ms. Shore's claim for benefits and to this day, this area of the law remains far from clear.

Counsel for plaintiff devotes the next several pages to a dissertation on ERISA procedures. Once again, there was no finding by the Court that Reliance Standard violated any ERISA claim procedures. Counsel for plaintiff does not even argue that some of the procedural irregularities that he identifies apply in this case. Instead, it appears that counsel for plaintiff simply cut and pasted from prior briefs, but failed to remove the inapplicable portions.

Beginning on page 11 of her brief, plaintiff attacks Reliance Standard's use of Dr. Hauptman while it was considering her claim. Contrary to plaintiff's arguments, Judge Karas already concluded that he was "not prepared to find that Reliance is unwilling or unable to fairly evaluate Plaintiff's claim for benefits, and plaintiff points to nothing in record, other than Reliance's denial of her claim that proves otherwise."

Citing to a few decisions by other district courts, plaintiff argues that Dr. Hauptman has been "heavily criticized." It is worth noting that most of the cases were decided prior to the decision by the Supreme Court of the United States in *Black & Decker Disability Plan v. Nord*,

538 U.S. 822 (2003), and those courts based their respective decisions to a large a degree on the treating physician rule which the Supreme Court found to be inapplicable. Plaintiff also cites to a decision from the Central District of California that has since be vacated by the Ninth Circuit. Moreover, there are numerous other decisions by courts in which Dr. Hauptman's opinion was accepted. *See Schmidlkolfer v. Directory Distrib. Assocs.*, 107 Fed. Appx. 631 (6th Cir. 2004); *Robyns v. Reliance Standard Life Ins. Co.*, No. 98-1241, 2003 WL 21850820 (S.D. Ind. July 10, 2003); *Wright v. Matrix Absence Mgmt., Inc.*, No. 03-6160, 2005 WL 475173 (E.D. Pa. Mar. 1, 2005). Moreover, in *Beckstrand v. Electronic Arts Disability Plan*, No. CV 05-323 (E.D. Cal. Oct. 31, 2005), it was the claimant who relied on the opinion of Dr. Hauptman in support of his claim. Obviously, plaintiff's "evidence" of bias on the part of Dr. Hauptman is of limited value.

2.    The Ability To Satisfy An Award Of Fees.

On page 19 of her brief, plaintiff concedes that she "has no knowledge of defendants' financial resources." It is plaintiff's burden to satisfy these criteria. The fact that counsel for plaintiff "expects that they could satisfy an award" is insufficient to meet that burden.

3.    Whether An Award Of Fees Would Deter Others.

According to plaintiff, an award of fees would deter others from "the arbitrary adoption of inapplicable occupational definitions." See Brief of Plaintiff at page 13. Reliance Standard's interpretation is neither arbitrary nor inapplicable in numerous jurisdictions. Moreover, for the reasons stated above, Reliance Standard's failure to follow *Kinstler* was not intentional. Had counsel for plaintiff identified the case during the appeal, the result might have been different. At the very least, Reliance Standard would have addressed the case. Finally, on the deterrent point, it is worth repeating that Judge Karas did not find any evidence in the record that Reliance

Standard was "unwilling or unable to fairly evaluate Plaintiff's claim." These comments weigh against the deterrent factor.

### 4. The Relative Merits Of The Parties' Positions.

Citing to law that Reliance Standard has distinguished in the first part of its brief and which ignores the Second Circuit's decision in *Birmingham*, plaintiff argues that an award of fees is appropriate at this juncture of the case. This factor looks to the relative merits of the parties' positions. This factor cannot be assessed when Reliance Standard's final position on plaintiff's claim has not been made. More important, thus far there has been no finding by a court that plaintiff is entitled to any disability benefits. This factor also weighs against any award.

### 5. Whether The Lawsuit Conferred A Common Benefit On Plan Participants.

Plaintiff readily concedes that this factor does not favor an award of fees. Plaintiff only sought benefits on behalf of herself. She did not seek relief that would benefit all plan participants. Accordingly, since the overwhelming number of factors weigh against an award and plaintiff has not "prevailed" on her claim, her motion for fees should be denied.

### C    The Fees And Costs Sought By Plaintiff Are Unreasonable.

To the extent that plaintiff can legally seek fees at this time or satisfy the five factors discussed above, any such award should be significantly reduced from the amounts claimed. Reduction is warranted based on the unreasonable amounts claimed as discussed below. Additionally, as stated by Supreme Court of the United States in *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983), where "a plaintiff has achieved only partial or limited success," full payment of attorney's fees may not be reasonable.

Any award of fees and costs must be *reasonable*. *Hensley,* 461 U.S. at 434-35. *See also Iron Workers Dist. Counsel v. Hudson Steel Fabricators & Erectors*, 68 F.3d 1502, 1506 (2d Cir. 1995). To determine the proper amount of fees, a court begins by multiplying the number of hours *reasonably* expended on the matter multiplied by a *reasonable* hourly rate. *Id.* Hours that are "excessive, redundant or otherwise unnecessary" are not reasonable and cannot be awarded. *Hensley*, 461 U. S. at 434. These comments describe many of the fees claimed by plaintiff.

As far as ERISA benefit claims go, this one did not involve any peculiar issues, with the possible exception of the statute of limitations question. Nevertheless, three separate attorneys worked on this lawsuit and in many instances, duplicated efforts. This is readily seen on the billing statements submitted by counsel. The statements reflect numerous conferences between Mr. Preminger and Ms. Saxe throughout the litigation. There is also duplicate and redundant work with respect to specific projects. Mr. Preminger billed over two hours in connection with the preparation of the complaint, while Ms. Saxe billed over 30 hours for preparing, filing and serving the complaint. A more glaring example, comes from fees related to the summary judgment motions. Here, there were three separate attorneys who worked on these motions. Mr. Preminger billed over 40 hours, Ms. Saxe billed over 60 hours and Ms. Ryan billed over 7 hours, all in connection with the summary judgment motions.

Not only are the fees claimed redundant, but they are also excessive. Notwithstanding the fact that the Federal Rules only require notice pleading, counsel for plaintiff spent over 30 hours preparing the complaint. More than 100 hours is being claimed in connection with the summary judgment motions. Counsel for plaintiff is also claiming 5 hours just to review the court order remanding the claim to Reliance Standard. Finally, plaintiff is claiming more than 30 hours related solely to the preparation of the fee motion. As Mr. Preminger notes in his fee

application, he has extensive experience in handling ERISA cases and has submitted fee requests in the past. Therefore, it should not have taken Mr. Preminger 30 plus hours to prepare a fee motion. Nor should it have taken over 30 hours to prepare a complaint or 100 hours to prepare summary judgment briefs.

Finally, plaintiff's billing records reflect fees that were clearly unnecessary. There are several entries in February 2005 related to discussions between Mr. Preminger and Mr. Greenstein regarding the value of the case. Additionally, plaintiff seeks costs of $500 in connection with Mr. Greenstein's actuarial consultation. Defendants are unaware of any authority which permits plaintiff to recover these fees and costs. It also worth noting though that there are numerous websites that can provide present value calculations in minutes and at a significantly reduced cost.

In order to determine the amount of fees to be awarded, a court must also decide what is a reasonable hourly rate. *Hensley,* 461 U.S. at 435. The rate being claimed must be in line with the prevailing rates in the community for similar services provided by a lawyer of reasonable comparable skill, expertise and reputation. *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997). It is within the discretion of a court to reduce even a presumptively reasonable fee rate in order to "trim[ ] fat from a fee application." *See Trustees of Mason Tenders v. Faulkner*, 484 F. Supp. 2d 254, 258 (S.D.N.Y. 2007).

Most of the hourly charges are attributed to Ms. Saxe. However, plaintiff has not provided this Court with any information on relevant work experience or evidence to suggest that the rate requested is comparable to the rates of others with similar background. Therefore, plaintiff has not justified the requested rate.

The information regarding Ms. Ryan is even more sparse. While Mr. Preminger tells us that she graduated from Harvard Law School and has practiced law for over 30 years, we do not know her relevant experience either. There is insufficient information regarding these individual's qualifications. Accordingly, plaintiff has not satisfied her burden.

The largest dollar amount of fees and the highest billing rate claimed belongs to Mr. Preminger. Mr. Preminger is seeking fees at over $600 per hour. As justification, Mr. Preminger cites to cases involving pension plan disputes and class actions. This lawsuit did not involve either of those types of litigation. Plaintiff has not provided this Court with any evidence that any district court has awarded fees any where near the amount he is claiming in comparable ERISA cases. *See Faulkner,* 484 F. Supp. 2d at 258.

In a number of recent cases, courts have set the rate for attorneys fees for experienced attorneys at significantly less than the amount claimed by plaintiff. *See Annuity, Pension, Welfare Funds v. A.J.S. Trucking*, No. 06-cv-0701, 2007 WL 539152 (E.D.N.Y. Feb. 16, 2007)(awarding fees at an hourly rate of $250); *West Chester Teamsters Local 456 Annuity Fund v. Fleet Nat'l Bank*, 02 Civ. 6664, 2007 U.S. Dist. LEXIS 14352 (S.D.N.Y. Feb. 21, 2007)(concluding that an average hourly rate of $224.58 was reasonable).

There is a further reason to reduce the amount of fees that are being claimed in this case. Counsel for plaintiff block billed their time entries, a practice which is discouraged by courts. *See Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942 (9th Cir. 2007). Block billing involves the attorney entering the total daily time spent working on the case rather than itemizing the time spent on individual tasks. *See Welch*, 480 F.3d at 945 n. 2. In *Welch*, the Ninth Circuit cited to a state bar advisory report which concluded that block billing has the potential to increase fees by 10 to 30 percent. *Welch*, 480 F.3d at 948. Other courts have also been critical of block billing.

*See Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C. Cir. 2004). Accordingly, any fees that this court may award should be reduced to reflect this improper method of billing.

## CONCLUSION

For the reasons stated above, plaintiff's motion for fees is not properly before the Court since she has not prevailed on her benefit claim. Even if a remand qualifies a claimant for fees, the fees claimed are redundant and excessive. Accordingly, the motion should be denied.

Dated: December 12, 2007

Joshua Bachrach, Esquire
RAWLE & HENDERSON, LLP
Widener Building, One South Penn Square
Philadelphia, PA 19107
Phone: (215) 575-4261
jbachrach@rawle.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X
                             :

VALERIE A. SHORE              :      CIVIL ACTION NO.
                             :      1:04-4152-DC

      v.                   :

                             :

RELIANCE STANDARD LIFE   :
INSURANCE COMPANY, et al.  :

                             :      **CERTIFICATE OF SERVICE**
_____X

    I hereby certify that on this 12th day of December, 2007, a copy of Defendant' s

Memorandum of Law in Opposition to Plaintiff's Motion for an Award of Attorney's Fees and

Costs which has been electronically filed with the Court and sent to counsel for Plaintiff as listed

below:

*(via Federal Express)*
David S. Preminger, Esquire
Rosen, Preminger & Bloom
708 Third Avenue, Suite 1600
New York, NY 10017

Nancy M. Cox
Legal Assistant to Joshua Bachrach, Esquire
RAWLE & HENDERSON, LLP
Widener Building, One South Penn Square
Philadelphia, PA 19107
Phone:  (215) 575-4261
jbachrach@rawle.com

Attorneys for Defendants