UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
VALERIE A. SHORE,

               Plaintiff,

    v.                                  No. 04 CV 4152 (RJS)

PAINEWEBBER LONG TERM DISABILITY     ECF Document
PLAN, *et al.*

               Defendants.
-------------------------------------------------------------x

## PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS

Rosen Preminger & Bloom LLP
708 Third Avenue, Suite 1600
New York, NY 10017

Attorneys for Plaintiff

# TABLE OF CONTENTS

Page

Table of Authorities ...................................................................................................ii

PRELIMINARY STATEMENT ....................................................................................1

I.    DEFENDANTS MISCONSTRUE APPLICABLE LAW IN THEIR
      ATTEMPT TO ARGUE THAT PLAINTIFF'S APPLICATION FOR
      ATTORNEY'S FEES IS PREMATURE .............................................................1

II.   PLAINTIFF SHOULD BE AWARDED HER ATTORNEY'S FEES
      AND COSTS .......................................................................................................3

      1.    Reliance Continues to Demonstrate Its Culpability and Bad Faith ........3

      2.    Defendants Can Well Afford to Pay an Award of Attorney's Fees .........7

      3.    An Award of Fees Serves the Purpose of Deterrence ...........................7

      4.    The Relative Merits Favor Plaintiff ......................................................8

      5.    Whether the Action Confers a Benefit on a Group of Plan Participants ...............8

II.   THE FEES SOUGHT ARE REASONABLE ......................................................9

CONCLUSION .........................................................................................................11

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir.2006) (en banc)............................... 5

*Birmingham v. Sogen-Swiss Int'l Corp Ret. Plan*, 718 F.2d 515 (2d Cir. 1983)........................ 1, 2

*Black & Decker Disability Plan v. Nord*, 538 U.S. 822 (2003)...................................................... 5

*Cohen v. Metropolitan Life Ins. Co.*, 00 Civ. 6112 (LTS) (FM), 2007 U.S. Dist. LEXIS 86099,
    (S.D.N.Y. November 21, 2007). .................................................................................................. 8

*Cohen v. Metropolitan Life Ins. Co.*, 00 Civ. 6112(LTS) (FM), 2007 U.S. Dist. LEXIS 86099,
    *8, (S.D.N.Y. November 21, 2007) ............................................................................................ 8

*Couture v. UNUM Provident Corp.*, No. 02 Civ. 7392 (CM), 2004 U.S. Dist. LEXIS 7309, *32
    (S.D.N.Y. April 13, 20003).......................................................................................................... 5

*Gallagher v. Reliance Standard Life Ins. Co.*, 305 F.3d 264 (4th Cir. 2002)................................. 6

*Giraldo v. Building Service 32B-J Pension Fund*, 502 F.3d 200 (2d Cir. 2007)............................ 2

*Grant v. Bethlehem Steel Corp.*, 973 F.2d 96 (2d Cir. 1992) ......................................................... 9

*Gunn v. Reliance Standard Life Ins. Co.* 399 F. Supp. 2d 1095, (C.D. Cal. 2005), vacated 235
    Fed. Appx. 553 (9th Cir. August 15, 2007) ............................................................................... 5

*Kinstler v. First Reliance Standard Life Ins. Co.*, 181 F.3d 243 (2d Cir. 1999)................. 3, 4, 6, 7

*Leyda v. AlliedSignal, Inc.*, 322 F.3d 199 (2d Cir. 2003) ........................................................... 5, 6

*Miles v. The New York State Teamsters Conf. Pension and Ret. Fund Employee Pension
    Benefit Plan*, 698 F.2d 593 (2d Cir. 1983).............................................................................. 2

*Miller v. United Welfare Fund*, 72 F.3d 1066 (2d Cir. 1995)..................................................... 1, 4

*Patrolmen's Benevolent Assoc. of the City of New York v. City of New York*,
    97 Civ. 7895 (SAS), 2003 U.S. Dist. LEXIS 13472 (S.D.N.Y. July 31, 2003) ........................ 9

*Quarantino v. Tiffany & Co.*, 166 F.3d 422 (2d Cir. 1999)........................................................... 9

*Richards v. Hartford Life & Accident Ins. Co.*, 356 F. Supp.2d 1278 (S.D. Fla. 2004)................ 6

*Sansevera v. E.I. DuPont de Nemours & Co.,* 859 F. Supp. 106 (S.D.N.Y. 1994) ........................ 2

*Shore v. PaineWebber Long Term Disab. Plan*, 04- CV-4152 (KMK), 2007 U.S. Dist.
    LEXIS 77039 (S.D.N.Y. Oct. 15, 2007) ...........................................................................*passim*

*Tourangeau v. Uniroyal, Inc.,* 101 F.3d 300, 309 n.6 (2d Cir. 1996).............................................. 1

*Ward v. New York City Trans. Auth.*, 97 Civ. 8550 (HB), 1999 U.S. Dist. LEXIS 9621
    (S.D.N.Y. June 28, 1999)............................................................................................................ 9

**Statutes**

ERISA § 502(g), 29 U.S.C. § 1132(g) ....................................................................................... 1, 2

## PRELIMINARY STATEMENT

This memorandum of law is submitted in reply to Defendant's Memorandum of Law in

Opposition to Plaintiff's Motion for an Award of Attorney's Fees and Costs ("Defs. Memo") and

in further support of that motion.[1]

I.    **DEFENDANTS MISCONSTRUE APPLICABLE LAW IN THEIR
      ATTEMPT TO ARGUE THAT PLAINTIFF'S APPLICATION FOR
      ATTORNEY'S FEES IS PREMATURE**

Defendants concede that *Miller v. United Welfare Fund*, 72 F.3d 1066 (2d Cir. 1995),

supports plaintiff's application for attorneys' fees based upon her success in establishing that

defendant Reliance Standard Life Insurance Company's ("Reliance") termination of her benefits

was arbitrary and capricious and Judge Karas's Order directing that a full and fair review of her

claim be conducted forthwith.  Reliance correctly quotes *Birmingham v. Sogen-Swiss Int'l Corp

Ret. Plan*, 718 F.2d 515, 523 (2d Cir. 1983) for the principle that "attorney's fees may be

awarded to the prevailing party under ERISA in the absence of some particular justification for

not doing so."

Defendants, however, then argue that *Miller* conflicts with *Birmingham* because the latter

refers to the *prevailing* party and *Miller* contemplates the award of attorney's fees prior to a

decision on plaintiff's entitlement to benefits.  No conflict exists, however.  *Miller* states that a

plaintiff who established the denial of her claim was arbitrary and capricious is indeed a

prevailing party.[2]  Such a plaintiff should be awarded the attorney's fees incurred in achieving

---

[1] In addition to the fees and costs initially sought, plaintiff seeks an additional $12,044.00 in fees
and $3.25 in costs for work performed after December 2, 2007.  See accompanying
Supplemental Declaration of David S. Preminger, Exhibit 1.

[2] *Miller* notes that "[s]ection 502(g)(1) contains no requirement that  the party awarded
attorney's fees be the prevailing party."  *Miller* has been cited as authority for the proposition
that a party "need not succeed on the merits in order for its counsel to receive fees under §
1132(g)(1)."  *Tourangeau v. Uniroyal, Inc.*, 101 F.3d 300, 309 n.6 (2d Cir. 1996).  (Whether

that result, in the absence of some particular justification for not doing so.[3]

Defendants also rely on *Giraldo v. Building Service 32B-J Pension Fund*, 502 F.3d 200 (2d Cir. 2007). In that case, which also involved a remand order which retained jurisdiction over the action, the district court denied a motion for fees made, as here, prior to a final disposition on benefit entitlement. The issue on appeal, however, was whether the fee denial was an appealable order absent a final judgment. The Second Circuit held it was not. However, the Second Circuit did not say that it had been improper for the district court to entertain the motion for fees. *Giraldo* thus does not stand for the proposition, asserted by defendants, that a plaintiff who has succeeded in achieving a remand has not prevailed. There is, thus, no conflict between *Giraldo* and *Miller*.[4] Even if a decision on attorney's fees would not be immediately appealable, that does not, indeed, cannot mean that that this Court cannot grant fees at this juncture.

---

attorney's fees can be awarded to a plaintiff who has not succeeded on any part of her claim need not be decided here.) *Miller* makes this explicit with its reference to *Sansevera v. E.I. DuPont de Nemours & Co.*, 859 F. Supp. 106, 117 (S.D.N.Y. 1994) (holding that an ward of attorney's fees is warranted for establishing that a denial of benefits was arbitrary and capricious and attaining a remand for a full and fair review.

[3] While it is plaintiff's position that she is a prevailing party, that is not determinative. *Birmingham* does not require a party to prevail in order to be awarded fees; rather it states that a prevailing party should be awarded fees absent some particular justification for not doing so. Indeed, contrary to defendants' disingenuous argument that *Miller* cannot overrule *Birmingham*, the Second Circuit, in *Miles v. The New York State Teamsters Conf. Pension and Ret. Fund Employee Pension Benefit Plan*, 698 F.2d 593, 602 (2d Cir. 1983), decided eight months prior to *Birmingham*, stated that "[a]lthough success on the merits is not, in theory, indispensable to an award of attorneys' fees under 29 U.S.C. § 1132(g), rarely will a losing party in an action such as this be entitled to fees." If it is even theoretically possible for a losing party to be granted fees, it is clear that the Second Circuit has not required that a party prevail to the extent of being awarded benefits in order to be awarded fees.

[4] In making this argument, defendants run afoul of their own argument that one panel cannot overrule a prior panel. If *Giraldo* actually stood for the proposition that an award of attorney's fees could not be made at this juncture, it would conflict with *Miller*, and therefore, be of no effect.

2

## II.    PLAINTIFF SHOULD BE AWARDED HER ATTORNEY'S FEES AND COSTS

### 1.    Reliance Continues to Demonstrate Its Culpability and Bad Faith

Mischaracterizing both plaintiff's arguments and this Court's Opinion, defendants falsely assert that:

> Plaintiff primarily argues that defendants' culpability is shown by its [*sic*] failure to provide a full and fair review. This was not a basis for the district court's decision. . . . There is no evidence that Reliance Standard failed to provide Ms. Shore with a "full and fair review."

Defs. Memo, p. 4.

Having found Reliance's termination of plaintiff's benefits to be arbitrary and capricious, Judge Karas stated, emphatically, that: "So there is no ambiguity, the Court is remanding the LTD benefits claim for a full and fair hearing . . . ," *Shore* at *46, and ordered that it take place forthwith. Defendants' assertion - in spite of this language - that there was "no evidence" of a failure to provide a full and fair review, is a glaring example of defendants' continued bad faith.

Judge Karas concluded that "Reliance did not follow the clear guidance from the Second Circuit" when it insisted upon categorizing plaintiff's occupation solely by looking at her title. *Shore* at 37*-8. That guidance is provided in *Kinstler v. First Reliance Standard Life Ins. Co.,* 181 F.3d 243, 252 (2d Cir. 1999). Defendants do not dispute that *Kinstler* governs, but argue that no culpability or bad faith was involved in the failure to abide by *Kinstler* - in which Reliance itself was the defendant. Rather, defendants assert that "[i]t is important to remember that *Kinstler* was decided only a short time prior to the initial denial of Ms. Shore's benefit claim." Defs. Memo at 5. The *Kinstler* decision was issued on June 15, 1999. Reliance's initial letter terminating plaintiff's benefits (AR0266-68) is dated June 19, 2000, one year and four days

3

thereafter. Moreover, Reliance's letter denying plaintiff's appeal (AR0005-11) is dated February 16, 2001, a full 21 months after *Kinstler* was decided and nine months after the initial determination letter. Yet it was in the letter denying plaintiff's appeal that Reliance first mentioned the DOT occupational definition on which it relied to deny the appeal.[5] Defendants' argument that no bad faith or culpability can be found because Reliance did not have sufficient time for the *Kinstler* decision to come to its notice is simply insupportable.

The fact that Judge Karas did not find that "Reliance is unwilling or unable to fairly evaluate Plaintiff's claim for benefits," *Shore* at *44, does not mitigate Reliance's culpability and bad faith. First, Judge Karas stated that "[a]s a legal matter, Plaintiff would not be wrong if the Court found that Reliance had demonstrated an unwillingness to fairly consider Plaintiff's benefits claim." *Shore* at *43. Second, also as Judge Karas stated, because Reliance acted arbitrarily and capriciously in defining plaintiff's occupation, it has not had an opportunity to determine if she is capable of performing her actual job duties. *Id*. at *45. Thus, the remand.

Defendants, however, assert, as expected, that a remand was required because plaintiff's affidavit in support of her motion for summary judgment contained information that was not provided during the claims procedure. "A decision cannot be considered arbitrary and capricious for failing to take into consideration evidence that was not before it [*sic*]." Defs. Memo at 5. This argument ignores two points: (1) Judge Karas found the decision to be arbitrary and capricious without reference to plaintiff's affidavit; and (2) as noted in plaintiff's opening

---

[5] Thus, defendants' argument, *see* Defs. Memo at 5, that Reliance's failure to comply with *Kinstler* does not evidence bad faith or culpability because plaintiff's counsel during the claims procedure did not raise it either, is disingenuous. Because the DOT definition was not mentioned in the June 19, 2000 letter terminating plaintiff's benefits, indeed, her job duties were not discussed at all, there was no reason for her counsel to address *Kinstler*. And, after the letter denying plaintiff's appeal which first asserted the DOT definition, when plaintiff's counsel sought to submit additional evidence to address the denial of the appeal, Reliance refused to accept any additional submission. AR0004.

memorandum of law at 10-11, plaintiff's affidavit was required to address the inaccuracies in

Reliance's appeal denial letter which, contrary to the Department of Labor's regulations,

contained reasons for denying her benefits that had not been set forth in the initial termination

letter. Reliance then refused her prior attorneys the opportunity to submit additional evidence

(*i.e.* the evidence set forth in plaintiff's affidavit herein) to address the appeal denial letter.

In seeking to defend Dr. Hauptman's reputation, defendants assert that some decisions

criticizing him pre-date the Supreme Court's ruling on the treating physician's rule in *Black &*

*Decker Disability Plan v. Nord*, 538 U.S. 822 (2003). Plaintiff discussed the *Black & Decker*

ruling in her opening memorandum of law, but pointed out that "The fact that the treating

physician rule is inapplicable does not in any way suggest that plaintiff's doctors' opinions are

irrelevant," citing *Couture v. UNUM Provident Corp.*, No. 02 Civ. 7392 (CM), 2004 U.S. Dist.

LEXIS 7309, *32 (S.D.N.Y. April 13, 20003). Defendants fail to address the fact that Dr.

Hauptman did not mention any of plaintiff's treating physician's reports, nor did he contact any

of those physicians.[6]

Defendants cite *Leyda v. AlliedSignal, Inc.*, 322 F.3d 199 (2d Cir. 2003), for the

proposition that a "mere" finding that a decision was arbitrary and capricious is not the same as

finding culpability or bad faith, but that case does not so hold, nor is it on point. *Leyda* concerns

the sufficiency of notice of scheduled meetings and a beneficiary's failure to receive the

summary plan description. *Leyda* makes no findings about a denial of a claim, nor does it state

---

[6] Defendants state that a case cited by plaintiff regarding Dr. Hauptman has been vacated by the Ninth Circuit (Defs. Memo at 7). The case is *Gunn v. Reliance Standard Life Ins. Co.* 399 F. Supp. 2d 1095, (C.D. Cal. 2005), vacated 235 Fed. Appx. 553 (9th Cir. August 15, 2007). The Ninth Circuit vacated and remanded to the district court because an intervening Ninth Circuit decision, *Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955, 967 (9th Cir.2006) (en banc), altered the method for determining the appropriate standard of review The Ninth Circuit explicitly expressed no opinion on the merits.

that a defendant's actions were arbitrary and capricious. *Leyda* states that it is not an abuse of discretion to deny attorney's fees where the case is close and the defendant's actions are not arbitrary or made in bad faith.

In contrast, Judge Karas did not find plaintiff's entitlement to a full and fair review of her claim for benefits to be a "close" decision: "Plaintiff has made a persuasive case for benefits." *Shore* at *43. Nor did Judge Karas find the defendants' termination of plaintiff's benefits was reasonable - "Even deferring to Reliance's interpretation of the meaning of 'regular occupation' in the Plan, the Court finds that Reliance's determination was arbitrary." *Id.* at *36.

Defendants list cases from other jurisdictions that purportedly follow Reliance's interpretation of "regular occupation" rather than *Kinstler*. In *Gallagher v. Reliance Standard Life Ins. Co.*, 305 F.3d 264 (4th Cir. 2002), however, the Court explicitly noted the guidance of *Kinstler*, but found that the tasks listed in the definition of occupation used by Reliance in that case appeared to be substantially the same as the actual tasks performed by the claimant. In *Richards v. Hartford Life & Accident Ins. Co.*, 356 F. Supp.2d 1278, 1286 (S.D. Fla. 2004), the Court found that the policy in question defined "occupation" as a general term, specifying that it did not refer to a specific job, employer or location; thus the holding is not only from outside this jurisdiction, but entirely inapposite. None of the cases from other jurisdictions cited by defendants, other than *Gallagher*, as noted above, discuss *Kinstler*, which, as defendants concede, is the applicable case law.

Lastly, defendants conclude that "at the time of the decision on Ms. Shore's claim for benefits and to this day, this area of law remains unclear." Defs. Memo at 6. However, Judge Karas stated that Reliance failed to follow the "clear guidance from the Second Circuit," *Shore* at *37-8; but apparently Reliance is still committed to avoiding that clear guidance.

6

## 2.    Defendants Can Well Afford to Pay an Award of Attorney's Fees

Without citing to any case or statute, defendants claim that it is plaintiff's burden to show

that they can pay an award of attorney's fees, even though defendants do not deny that they can

afford to pay such an award.  However, based on the most recent Annual Statement available on

Reliance's website, as of December 31, 2005, Reliance had a net worth of approximately

$369,000,000.  *See* accompanying Supplemental Declaration of David S. Preminger, Exhibit 2.

## 3.    An Award of Fees Serves the Purpose of Deterrence

Defendants set forth a number of extraordinary assertions, but no case law, on the issue

of deterrence.  They assert, without citation, that Reliance's use of the DOT occupational

definition in this case is "neither arbitrary nor inapplicable in numerous jurisdictions."  Defs.

Memo at 7.  Because defendants cite no cases from other jurisdictions to support this contention,

one can only speculate as to whether one exists.  However, even if such a case existed, and

plaintiff has shown that those previously cited by defendants are inapposite, Judge Karas stated

that "[e]ven deferring to Reliance's interpretation of the meaning or 'regular occupation' in the

Plan, the Court finds that Reliance's determination was arbitrary."  *Shore* at *36.

Defendants assert that Reliance's failure to follow *Kinstler*, despite the fact that it was the

defendant in that case and that *Kinstler* was decided more than one year prior to its termination

of plaintiff's benefits, was "not intentional," and blames plaintiff's prior counsel, stating, "[h]ad

counsel for plaintiff identified the case during the appeal, the result might have been different."[7]

Defs. Memo at 7.  Defendants' "reasoning" on this point is an example of why an award of fees

is necessary to deter arbitrary decision making.  "The award of fees will promote thorough and

fair review processes relating to the determination of disability benefits, and thus have a

---

[7] *See* n.4 *supra.*

deterrent effect on insurers and claims processors that might neglect such duties." *Cohen v. Metropolitan Life Ins. Co.*, 00 Civ. 6112 (LTS) (FM), 2007 U.S. Dist. LEXIS 86099, *8 (S.D.N.Y. November 21, 2007).

### 4.    The Relative Merits Favor Plaintiff

Defendants do not address the issue of relative merits, but merely repeat the argument that plaintiff is not a prevailing party.  As shown, plaintiff is a prevailing party but need not be for fees to be awarded.

### 5.    Whether the Action Confers a Benefit on a Group of Plan Participants

Contrary to defendants' assertion, Defs. Memo at 8., plaintiff did not concede that this factor is not in her favor.  Plaintiff straightforwardly stated that the action was brought in order to obtain benefits for herself, but argued that a common benefit has been provided "as an ancillary product" of the litigation, citing cases including *Cohen v. Metropolitan Life Ins. Co.*, 00 Civ. 6112(LTS) (FM), 2007 U.S. Dist. LEXIS 86099, *8, (S.D.N.Y. November 21, 2007):

> [A] determination finding fault with an insurer's conduct in an individual action confers a common benefit on a group of plan participants in that the insurer will be deterred from improperly denying benefits under similar circumstances.

The common benefit is the other side of the coin of deterrence.  An award of fees motivates insurers to provide a full and fair review for claimants, rather than allow them to operate, as they so often do, on the premise that the worst that may happen is that they will pay at some later date only the benefits that they should have paid years earlier.

## II.    THE FEES SOUGHT ARE REASONABLE

Plaintiff has presented detailed billing information, but defendants' objections are merely general. There is a "strong presumption that the lodestar represents the reasonable fee. *Quarantino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999); *Grant v. Bethlehem Steel Corp.*, 973 F.2d 96, 101 (2d Cir. 1992). The party advocating a departure from the lodestar bears the burden of establishing an adjustment is necessary. *Id.* Defendants have not satisfied that burden.

Defendants complain that too many hours were spent on certain tasks, yet do not suggest how many hours would have been appropriate. For example, they complain that too many hours were spent drafting the complaint, Defs. Memo at 9, but certain of the hours they claim were spent on the complaint were actually spent, *e.g.*, reviewing the 517 page administrative record. Similarly they claim five hours were spent "just to review the court order remanding the claim to Reliance Standard[,]" *id.*, neglecting to mention that included in the five hours was the research and drafting of the letter requesting a pre-motion conference with respect to this motion. Lastly, plaintiff is simply at a loss to understand how defendants calculated the number of hours they ascribe to certain tasks. For example, defendants assert plaintiff spent over 30 hours on this fee motion, *id.*; plaintiff calculates fewer than 20.

Defendants object that three attorneys worked on the motions for summary judgment, but do not point out any redundancies nor do they establish overstaffing. *See Patrolmen's Benevolent Assoc. of the City of New York v. City of New York*, 97 Civ. 7895 (SAS), 2003 U.S. Dist. LEXIS 13472, *14 (S.D.N.Y. July 31, 2003) (no reduction in hours spent by five attorneys who worked on same document); *Ward v. New York City Trans. Auth.*, 97 Civ. 8550 (HB), 1999 U.S. Dist. LEXIS 9621, *27-31 (S.D.N.Y. June 28, 1999) (awarding fees to five lawyers on same case).

The involvement of, Ms. Ryan, a graduate of Harvard Law School who has practiced law for over 30 years, was limited to 7 hours preparing the Local Rule 56. 1 counterstatement. Ms. Ryan's hours do not overlap with anyone else's, nor does more need be said for her qualifications.

Ms. Saxe, who had spent two years clerking for the Honorable Janet Bond Arterton of the United States District Court for the District of Connecticut and then clerked for the Honorable Sonia Sotomayor of the United States Court of Appeals for the Second Circuit before joining plaintiff's counsel's firm, was billed at the very reasonable rate of $250 per hour. That she and the senior partner handling the case, Mr. Preminger, conferred on occasion does not mean that any charges were redundant. Indeed, if Mr. Preminger, the more experienced attorney on ERISA litigation, handled the entire case himself, the total hours may have been fewer but the charges, because of the difference in billing rates, would undoubtedly have been higher. Then defendants would complain that the work should have been done by younger attorneys at lesser rates.

Defendants incorrectly describe Mr. Preminger's experience as "involving pension plan disputes and class actions" which "[t]his lawsuit did not involve." Defs. Memo at 11. As set forth in Mr. Preminger's Declaration dated December 3, 2007, he has broad experience with respect to both pension plan and welfare plan issues under ERISA.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for an award of attorney's fees and reimbursement of expenses, in the respective amounts of $107,227.00 and $2,155.71, for a total of $109,382.71, should be granted in all respects together with such other and further relief as to this Court may seem just and proper.

Dated:      New York, New York            Rosen Preminger & Bloom LLP
              December 31, 2007              Attorneys for Plaintiff

By: /s/ David S. Preminger
    David S. Preminger (DP 1057)
    708 Third Avenue, Suite 1600
    New York, New York 10017
    (212) 682-1900
    dpreminger@rpblawny.com

11